No. 00-716

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 226

DELORES A. CASS, individually and as named
representative of Todd Thompson, Thomas Thompson,
and Lisa O'Brien,

     Plaintiffs/Respondents,

     v.

COMPOSITE INDUSTRIES OF AMERICA, INC.,
CS&S ENTERPRISES, MERLE A. FERGUSON,
and AFFORDABLE HOMES OF AMERICA, INC.

     Defendants/Appellants.

FILED

OCT 19 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                 In and for the County of Yellowstone,
                 The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

     For Appellants:

          Steven N. Eschenbacher, Attorney at Law, Hamilton, Montana

     For Respondents:

          Reneé L. Coppock, Crowley, Haughey, Hanson, Toole & Dietrich, P.L.L.P.,
          Billings, Montana


                          Submitted on Briefs: July 18, 2002

                                Decided:  October 10, 2002

Filed:

_____
                   Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Respondent Delores A. Cass filed a Complaint in the Thirteenth Judicial District Court, Yellowstone County, against Appellants Composite Industries of America, Inc., CS&S Enterprises, Merle A. Ferguson, and Affordable Homes of America, Inc., (collectively "Ferguson"), which alleged Ferguson defrauded her out of nearly one million dollars. After a default was entered against Ferguson, the District Court denied a motion to set it aside. The District Court ultimately entered judgment against Ferguson in the amount of $1,736,547.20 from which Ferguson appeals. We affirm.

¶2 The sole issue on appeal is whether the District Court erred when it refused to set aside the default against Ferguson.

## BACKGROUND

¶3 On October 30, 1998, Cass filed a Complaint against Ferguson which alleged that Ferguson defrauded her out of nearly one million dollars. Cass properly served Ferguson with the Summons and Complaint. In January of 1999, Cass served Ferguson with Plaintiff's First Discovery Requests. Ferguson failed to answer the Complaint. On April 30, 1999, Cass applied for, and the Clerk of Court entered, a default against Ferguson.

¶4 Since Ferguson failed to respond to Cass's discovery requests, Cass filed a Motion to Compel discovery responses on May 26, 1999. Prior to a hearing on Cass's discovery motion, Ferguson filed a Motion to Set Aside the Default. On June 16, 1999, while the Motion to Set Aside the Default was pending, Cass filed her First Amended and Supplemental Complaint.

2

¶5 On June 25, 1999, following a hearing, the District Court granted Cass's Motion to Compel, ordering Ferguson to provide certain responses by July 1, 1999, and the remaining responses by July 16, 1999. The court further ordered Ferguson to make a showing that the defendants had a meritorious defense to Cass's claims before the court would set aside the default. Ferguson ignored the June 25, 1999, order and still failed to respond to the requested discovery. On July 6, 1999, however, Ferguson filed an Answer and Counterclaim.

¶6 On August 30, 1999, the court conducted a hearing on Ferguson's Motion to Set Aside the Default. Ferguson still had not responded to discovery. The District Court denied the motion but in doing so made it clear it was not denying the motion because of Ferguson's tardy appearance, but rather because Ferguson refused to comply with the District Court's order of June 25, 1999, compelling discovery.

¶7 On September 15, 1999, Ferguson filed a motion for "Relief from Judgment," contending that the Amended and Supplemental Complaint relieved Ferguson of the Clerk's April 30, 1999, entry of default. Cass responded by reminding the court that the basis of the August 30, 1999, order was Ferguson's complete disregard of the court's discovery order. Cass then filed a Motion for the Entry of a Default Judgment.

¶8 Another hearing was then held on December 17, 1999, during which Cass requested interim relief requiring Ferguson to post a bond. The District Court ordered Ferguson to post $1,200,000 bond to protect Cass from dissipation of Ferguson's assets. The court granted Ferguson thirty days to post the bond and stayed consideration of Cass's pending Motion for Entry of a Default Judgment. The District Court warned Ferguson, however, that failure to

3

post the bond would result in entry of judgment against Ferguson. Despite the warning, Ferguson failed to post bond or provide discovery. Therefore, on February 22, 2000, the District Court entered an order holding all defendants jointly and severally liable.

¶9 After a hearing on damages, the District Court entered judgment in favor of Cass for $1,736,547.20. Ferguson now appeals.

## STANDARD OF REVIEW

¶10 We review a district court's denial of a motion to set aside a default for slight abuse of discretion. *Lords v. Newman* (1984), 212 Mont. 359, 688 P.2d 290. The Court set forth the standard as follows:

> In these instances the reviewing court weighs the conflicting concerns of respecting the trial court's sound discretion while recognizing the policy favoring trial on the merits. The resulting standard of review is that no great abuse of discretion need be shown to warrant reversal . . . . An alternative expression of this "no great abuse" standard is that only "slight abuse" is sufficient to reverse an order refusing to set aside a default.

*Lords*, 212 Mont. at 364, 688 P.2d at 293 (citations omitted).

¶11 This matter, however, implicates the District Court's imposition of sanctions for discovery abuse. When considering whether a district court imposed proper sanctions for discovery abuse, we determine whether the district court abused its discretion. *Owen v. F.A. Buttrey Co.* (1981), 192 Mont. 274, 276, 627 P.2d 1233, 1234. "[W]hen it is not possible for this Court to make a ready, confident, and accurate determination of a party's good faith in the discovery process, we presume the correctness of the District Court's action under Rule 37." *Owen,* 192 Mont. at 280-81, 627 P.2d at 1237.

4

## DISCUSSION

¶12 Did the District Court err when it refused to set aside the default against Ferguson?

¶13 Ferguson argues that the default should have been set aside when Cass filed her First Supplemental and Amended Complaint on June 16, 2001. Ferguson contends that the filing of an amended pleading in effect supercedes the original pleading, thereby voiding any prior entry of default.

¶14 Ferguson's contention would be correct if the District Court ultimately entered default pursuant to Rule 55, M.R.Civ.P., for failure to appear. Rule 55(a), M.R.Civ.P., provides that the clerk of court may enter a party's default if the party fails to plead or otherwise defend as provided in the Montana Rules of Civil Procedure.

¶15 A default under Rule 55, M.R.Civ.P., is set aside when a plaintiff files an amended or supplemental pleading. "It is elementary . . . that when an amended pleading is filed it supersedes the original and the latter at once becomes functus officio, and that the party is not bound by the admissions in the pleading which has thus been superseded." *Berne v. Stevens* (1923), 67 Mont. 254, 255, 215 P. 803, 804 (citations omitted).

¶16 Here, the Clerk of the District Court did indeed enter a Rule 55, M.R.Civ.P., default against Ferguson. As Ferguson contends, the filing of a First Amended and Supplemental Complaint rendered the Rule 55, M.R.Civ.P., default void. *See Berne*, 67 Mont. at 254, 215 P.2d at 804. However, the Montana Rules of Civil Procedure provide another mechanism by which a court may enter a default: default may be entered as a sanction for discovery abuses pursuant to Rule 37, M.R.Civ.P.

5

¶17 Under Rule 37, M.R.Civ.P., a party's dilatory tactics in responding to discovery requests may result in sanctions. Pursuant to Rule 37(b)(2), M.R.Civ.P., failure to comply with an order may result in:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; and

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

¶18 The record clearly shows the District Court entered default pursuant to Rule 37, M.R.Civ.P., not Rule 55, M.R.Civ.P. During the December 17, 1999, hearing, the District Court discussed entering a default for Ferguson's failure to comply with discovery requests and a court order to answer discovery:

[I] am not talking about a default for failure to answer that Amended Complaint . . . . The judgment that I would be inclined to enter would be one based on failure to comply with discovery. I mean–it's been almost a year since they asked for stuff, and . . . y'all haven't produced anything, you haven't answered question one or production one.

The District Court agreed with Ferguson that the filing of the Amended and Supplemental Complaint may have set aside the default entered pursuant to Rule 55, M.R.Civ.P.:

I tend to agree with the plaintiff in this case . . . I think there is a technical argument with regard to the defaults, but I think that the plaintiff is entitled to judgment . . . for defendants' failure to comply with the discovery order . . . .

Thus, although the District Court acknowledged that there may be merit to Ferguson's argument to set aside the Rule 55, M.R.Civ.P., default for failure to defend, the District Court expressly stated entry of default as a sanction for discovery abuses was warranted.

¶19 On several occasions this Court has stated that dilatory abuse of discovery must no longer be dealt with leniently and that the transgressors of discovery abuses should be punished rather than encouraged repeatedly to cooperate. *Smith v. Butte-Silver Bow County* (1996), 276 Mont. 329, 332, 916 P.2d 91, 92-93. Furthermore, "The trial judge is in the best position to know . . . which parties callously disregard the rights of their opponents and other litigants seeking their day in court. The trial judge is also in the best position to determine which sanction is the most appropriate." *Dassori v. Roy Stanley Chevrolet Co.* (1986), 224 Mont. 178, 180, 728 P.2d 430, 431.

¶20 This Court has a consistent history of deferring to the district court regarding the imposition of sanctions. The record indicates a flagrant disregard by Ferguson of the District Court's order of June 25, 1999, compelling discovery. When the District Court finally entered a default judgment on liability, over one year had elapsed since the original discovery had been served. The District Court conducted three hearings on the matter and gave Ferguson every opportunity to produce the discovery. It is obvious from this record that the District Court faced a litigant who simply was not going to respond to properly served discovery. Therefore, entry of the default was appropriate pursuant to Rule 37, M.R.Civ.P. We conclude the District Court did not abuse its discretion when it entered a default against Ferguson.

7

¶21    Affirmed.

_____
                           Justice

We Concur:

_____

_____

_____

_____
                          Justices

8