No. 95-474

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

BILLIE SMITH, Personal Representative of
the Estate of Richard A. Smith, deceased,
and on behalf of Philana V. Smith and
Estelle M. Smith, children of the deceased,

Plaintiff and Appellant,

v.

BUTTE-SILVER BOW COUNTY, a consolidated
government and the STATE OF MONTANA,

Defendants and Respondents.

FILED

MAY 06 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable James E. Purcell, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

             Thomas M. Malee, Attorney at Law, Billings,
             Montana

        For Respondents:

             John H. Maynard, Marcia Davenport; Browning,
             Kaleczyc, Berry & Hoven, Helena, Montana


                    Submitted on Briefs:  February 1, 1996

                              Decided:  May 6, 1996

Filed:


_____
        Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The Estate of Richard A. Smith (Estate) appeals from the judgment entered by the Second Judicial District Court, Silver Bow County, on its order dismissing the Estate's complaint with prejudice. We reverse and remand.

The issue on appeal is whether the District Court abused its discretion in dismissing the Estate's complaint with prejudice pursuant to Rule 37(b)(2)(C), M.R.Civ.P.

This is the second time that this case has been before us on appeal. The facts underlying the Estate's complaint are set forth in Smith v. Butte-Silver Bow County (1994), 266 Mont. 1, 878 P.2d 870, and need not be repeated here. In Smith, the primary issues on appeal related to prosecutorial immunity and amendment of pleadings; we reversed the District Court on the former issue and affirmed it on the latter. Smith also presented the issue of whether the District Court erred in dismissing the Estate's action without prejudice under Rule 37, M.R.Civ.P., for failure to comply with its orders compelling discovery and requiring a psychological examination of Richard Smith's children. Smith, 878 P.2d at 876. We declined to address the propriety of that dismissal due to the inadequacy of the record and the court's language indicating that it dismissed without prejudice in order to facilitate our review of rulings not appealable under Rule 1, M.R.App.P. Smith, 878 P.2d at 877. We vacated the order of dismissal without precluding the availability on remand of further proceedings on that issue. Smith, 878 P.2d at 877.

2

On remand, Butte-Silver Bow County (County) again moved the District Court to dismiss the Estate's complaint based on the alleged discovery abuses which were the basis of the earlier dismissal. The District Court denied the County's motion on February 21, 1995, and, in doing so, rejected the County's reliance on discovery abuses alleged to have occurred prior to the appeal. The court gave the Estate thirty days from the date of its order denying the motion to dismiss "to adequately answer or supplement the discovery requests" and required the Estate to "[p]rovide complete answers to all unanswered interrogatories and fully disclose all experts, their opinions and the basis for those opinions in accordance with Rule 26, M.R.Civ.P." The court warned that "[i]f this order is not fully complied with, then the court will be left with no other alternative but to dismiss this case with prejudice or impose other appropriate sanctions."

On February 24, 1995, the Estate moved for an order of clarification, requesting the District Court to specifically list "any further evidence" to be provided to the County. Approximately ten days later, the Estate provided the County with "Plaintiff's Rule 26(b)(4) Disclosure" stating that the opinions of its expert witnesses were based on facts and materials set forth in their depositions.

The District Court issued an order of clarification and memorandum (hereinafter "clarification order") directing the Estate to provide to the County:

1. The names of individuals who provided care to the minor children from January 1, 1989 through June, 1991;

3

2. Information about Richard Smith's Social Security Benefit Claim for a leg injury; and

3. Information about [the Estate's] expert witnesses, their opinions and basis for them or in the alternative this Court must reopen the depositions of [the Estate's] experts to answer questions about the basis of their opinions.

In response to the clarification order, the Estate provided the required information regarding the children's caregivers and the leg injury claim. With regard to the expert witness information, the Estate stated that:

[the Estate] has previously supplied information about it's [sic] expert witnesses to the [County]. This may have been overlooked by the court. The information previously supplied by [the Estate] complies fully with Rule 26, MRCP. Another copy of that information is provided to the court herewith.

In June of 1995, the County moved to dismiss the Estate's complaint pursuant to Rule 37, M.R.Civ.P., for alleged discovery abuses. The District Court granted the County's motion and subsequently entered judgment dismissing the Estate's complaint with prejudice. The Estate appeals.

Did the District Court abuse its discretion in dismissing the Estate's complaint with prejudice pursuant to Rule 37(b)(2)(C), M.R.Civ.P.?

It is important at the outset to recognize the salutary purposes underlying the availability of Rule 37, M.R.Civ.P., sanctions for discovery abuses and the respective roles of the district courts in imposing--and this Court in reviewing--such sanctions. While trial courts traditionally were reluctant to impose discovery-related sanctions, concerns relating to crowded dockets and the overall responsibility for maintaining fair and

4

efficient judicial administration had reversed that trend by the 1970s. See Owen v. F.A. Buttrey, Co. (1981), 192 Mont. 274, 277-78, 627 P.2d 1233, 1235. Indeed, since 1981, it has been this Court's position that dilatory abuse of discovery must no longer be dealt with leniently and that the transgressors of discovery abuses should be punished rather than encouraged repeatedly to cooperate. See Owen, 627 P.2d at 1235. "When litigants use willful delay, evasive response, and disregard of court discretion as part and parcel of their trial strategy, they must suffer the consequences." Owen, 627 P.2d at 1236.

Rule 37, M.R.Civ.P., provides trial courts with a means to prevent an excessive back-log of cases. See Dassori v. Roy Stanley Chevrolet Co. (1986), 224 Mont. 178, 180, 728 P.2d 430, 431. More-over,

> [t]he trial judge is in the best position to know . . . which parties callously disregard the rights of their opponents and other litigants seeking their day in court[] [and] is also in the best position to determine which sanction is the most appropriate.

Dassori, 728 P.2d at 431. As a result, we generally defer to the decision of the trial court regarding Rule 37, M.R.Civ.P., sanctions. See Eisenmenger v. Ethicon, Inc. (1994), 264 Mont. 393, 402, 871 P.2d 1313, 1319.

Here, the District Court determined that the Estate failed to comply with its post-remand orders requiring disclosure of expert opinion information in compliance with Rule 26(b)(4)(A)(i), M.R.Civ.P., and dismissed the Estate's complaint with prejudice. We review a district court's imposition of sanctions for discovery

5

abuses to determine if the court abused its discretion. Eisenmenger, 871 P.2d at 1319 (citing First Bank (N.A.)-Billings v. Heidema (1986), 219 Mont. 373, 711 P.2d 1384).

*DISCOVERY ABUSE*

Before discussing the propriety of the District Court's imposition of sanctions under Rule 37, M.R.Civ.P., it is necessary to address the Estate's contention on appeal that no discovery abuse exists in this case. The Estate contends that the only information not provided to the County was the amount of time one of its expert witnesses, Dr. Paul F. Cimmino, spent researching for this case. We disagree.

Rule 26(b)(4)(A)(i), M.R.Civ.P., provides that

[a] party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to *state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.*

(Emphasis added). In its order of dismissal and accompanying memorandum, the District Court concluded that "1) [the Estate] did not provide the substance of facts which [sic] the experts were expected to testify; and 2) [the Estate] omitted a summary of the grounds for each opinion" in violation of its order and Rule 26(b)(4), M.R.Civ.P.

The Montana legislature adopted this rule from Rule 26, Fed.R.Civ.P. See Rule 26, M.R.Civ.P., Compiler's Comments. The underlying policies of Rule 26 are to eliminate surprise and to promote effective cross-examination of expert witnesses. See Smith

v. Ford Motor Co. (10th Cir. 1980), 626 F.2d 784, 792-93 (citing 28 U.S.C., Rule 26, Fed.R.Civ.P., Advisory Committee Notes).

> *Before an attorney can even hope to deal on cross-examination with an unfavorable expert opinion he must have some idea of the bases of that opinion and the data relied upon. If the attorney is required to await examination at trial to get this information, he often will have too little time to recognize and expose vulnerable spots in the testimony.*

Smith, 626 F.2d at 794 (citation omitted).

Review of the Estate's Rule 26 disclosure reflects that the Estate identified each person it expects to call as an expert witness and stated the general subject matter on which each expert is expected to testify as required by Rule 26(b)(4)(A)(i), M.R.Civ.P. The District Court did not conclude, and the County does not argue, otherwise.

Regarding the "substance of facts" to which its expert witnesses are expected to testify, the Estate provided the following statements:

1. Dr. Ruey-Lin Lin . . . will testify that the decedent herein was not a hard-core criminal, had a relatively minor history, and would have rehabilitated himself, or been rehabilitated, at or near the age of thirty-five.

2. Thomas Rozza . . . will testify that the Defendant's county attorney failed to meet acceptable corrections standards in protecting the decedent's life, and that the Defendant's jail failed to meet acceptable corrections standards in protecting the decedent's life.

3. Dr. Paul Cimmino . . . will testify that, had the decedent lived, any antisocial aspects of his personality would have lessened and been brought under control . . . [and] his abuse of drugs and alcohol would have been brought under control. He will also testify as to the loss suffered by the children upon the death of their father.

4. Dr. John Brower . . . will testify as to the present

7

value of the earnings the decedent might have expected,
had he lived.

These broad statements indicate the general topics on which the Estate's experts are expected to testify. They do not, however, provide the *substance of facts* to which the Estate's expert witnesses will testify, as required by Rule 26(b)(4)(A)(i), M.R.Civ.P.

Concerning the bases of its expert witnesses' opinions, the Estate stated in its Rule 26 disclosure that those opinions are based upon the "facts and information set forth in [their] deposition[s] which [are] in the possession of [the County], and upon [their] training and experience." The Estate also referred the County generally to the treatises upon which its expert witnesses relied. The Estate did not provide any further explanation or information concerning the bases or grounds for its expert witnesses' opinions.

These statements by the Estate add nothing to "the substance of the facts" and the "summary of the grounds for each opinion" which are required to be disclosed by Rule 26(b)(4)(A)(i), M.R.Civ.P. Moreover, nothing in Rule 26, M.R.Civ.P., permits a party to decline to comply with the Rule and a court order requiring compliance therewith on the basis of that party's belief or opinion that the opposing party already possesses the required information.

Having submitted its disclosure, the Estate obtained the court's clarification order explicitly requiring it to provide its experts' opinions and the bases for those opinions. The District

8

Court expressly noted therein that "[w]hile [the County] previously deposed [the Estate's] experts, [the Estate's] attorney at the depositions of certain experts instructed the experts not to answer relevant questions about the basis of their opinions."

The Estate did not provide any additional information relating to its expert witnesses in response to the District Court's clarification order. Instead, it merely stated that it had previously supplied the required information regarding those witnesses to the County and that the information supplied "complies fully with Rule 26, MRCP[;]" it referred the court to its "Rule 26(b)(4) Disclosure."

This final response essentially ignored the clarification order which the Estate requested and received, and totally failed to comply therewith. In light of the court's clear awareness that the expert witness depositions had been taken, and the court's clear determination that those depositions had not produced the required information about the bases of the experts' opinions, the Estate's response appropriately could be characterized--in the vernacular--as "in your face." Whatever counsel's intent in framing his client's response to a clear court order may have been--whether gamesmanship with the County or disdainful "one-upmanship" with the District Court--the Estate's response did not comply with the explicit requirements of the court's clarification order.

We conclude that the Estate's expert-related responses to the District Court's initial order on remand satisfied neither the "substance of the facts" requirement nor the "summary of the

grounds for each opinion" requirement of Rule 26(b)(4)(A)(i), M.R.Civ.P. We also conclude that the Estate's response to the District Court's clarification order totally failed to comply with the expert witness-related portion of that order. Therefore, we hold that the Estate committed discovery abuses after remand.

*REVIEW OF SANCTIONS*

Rule 37(b)(2), M.R.Civ.P., provides, in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just and among others the following:
> . . . . .
> (C) An order . . . dismissing the action . . . .

After concluding that the Estate failed to obey its clarification order, the District Court dismissed the Estate's complaint with prejudice. We review the District Court's dismissal of the Estate's complaint pursuant to Rule 37(b)(2)(C), M.R.Civ.P., to determine if the court abused its discretion. See Eisenmenger, 871 P.2d at 1319.

Acknowledging both the discretionary nature of a trial court's decisions on sanctions for discovery abuse and the availability of the dismissal sanction under Rule 37, M.R.Civ.P., the Estate argues that dismissal was an abuse of the District Court's discretion under these facts. It relies on the District Court's statement accompanying the clarification order that, in the event the Estate failed to provide the expert-related information to the County, the court would reopen the Estate's expert witness depositions. The County, on the other hand, relies on Eisenmenger, and Landauer v. Kehrwald (1987), 225 Mont. 322, 732 P.2d 839, in urging us to

10

accord proper deference to the District Court's dismissal with prejudice. The County also contends that the instant case presents a more compelling case for the dismissal sanction than Eisenmenger.

Eisenmenger and Landauer clearly stand for the proposition that we generally defer to the decision of the district court regarding the appropriate sanction for discovery abuses. See Eisenmenger, 871 P.2d at 1319; Landauer, 732 P.2d at 840. Those cases, however, are factually distinguishable from the present case and do not mandate a conclusion that the sanction of dismissal was properly applied here.

In Eisenmenger, a broken suture following surgery caused the plaintiff to have a stroke and suffer other severe complications. The plaintiff filed a medical malpractice claim against the doctor and hospital and a products liability claim against Ethicon, Inc. Eisenmenger, 871 P.2d at 1315. In 1988, Dr. Olcott, who later became Ethicon's expert witness, reviewed the Eisenmenger case and generally advised Ethicon's counsel of his opinions regarding the doctor and hospital's possible culpability in the case based on certain acts and decisions. Eisenmenger, 871 P.2d at 1319.

In June of 1990, Ethicon responded to a detailed discovery request from the plaintiff. Despite the plaintiff's request that Ethicon set forth the factors it contended contributed to the broken suture and the plaintiff's resulting stroke, Ethicon failed to disclose the opinions provided by Dr. Olcott two years earlier. Eisenmenger, 871 P.2d at 1319. Indeed, Ethicon did not disclose Dr. Olcott as a potential expert witness until August of 1991.

11

Eisenmenger, 871 P.2d at 1319. The district court granted summary judgment in favor of the doctor and hospital approximately six months later. Eisenmenger, 871 P.2d at 1320-21.

Ethicon did not make Dr. Olcott available for deposition until one month after the district court granted summary judgment in favor of the doctor and hospital. Eisenmenger, 871 P.2d at 1321. The plaintiff then deposed Dr. Olcott, and his testimony supported a theory that the doctor or the hospital could have caused the broken suture. Eisenmenger, 871 P.2d at 1315. The plaintiff subsequently moved the district court for sanctions against Ethicon pursuant to Rule 37, M.R.Civ.P., for its failure to disclose this relevant information in discovery requests dating back to 1988. Eisenmenger, 871 P.2d at 1315.

The district court determined that Ethicon made a "knowing concealment" of the expert's testimony and stated that, had Dr. Olcott's testimony been available, it was "very doubtful" that the doctor and hospital's motion for summary judgment would have been granted. Eisenmenger, 871 P.2d at 1315. Concluding that the plaintiff had suffered extreme prejudice due to Ethicon's discovery abuses, the district court entered a default judgment against Ethicon on the issue of liability. Eisenmenger, 871 P.2d at 1315.

In reviewing the propriety of the default sanction, we set forth at some length the record before us regarding Ethicon's failure to timely disclose Dr. Olcott's opinions, update discovery responses or make Dr. Olcott available for deposition. On the basis of that record, we determined that "severe prejudice had

12

already occurred to [the plaintiff], and the [district] court had few options for appropriate and meaningful sanctions against Ethicon." Eisenmenger, 871 P.2d at 1321. We also determined that the record supported the district court's finding that Ethicon's failure to respond to discovery requests was willful and in bad faith and caused severe prejudice to the plaintiff on an issue central to the case. Eisenmenger, 871 P.2d at 1321. We held that the district court did not abuse its discretion in entering a default judgment on the issue of liability against Ethicon. Eisenmenger, 871 P.2d at 1321.

Thus, in Eisenmenger, the plaintiff was foreclosed from seeking compensation from two potentially responsible parties due to Ethicon's "knowing concealment" of Dr. Olcott's opinion. As a result of Ethicon's egregious conduct, the plaintiff was severely prejudiced. See Eisenmenger, 871 P.2d at 1321. Under such extreme circumstances, no other sanction could have remedied the severe prejudice suffered by the plaintiff.

Here, we are not confronted with the extreme and irreparable circumstances which existed in Eisenmenger. Certainly any incidental prejudice to the County due to delay and the necessity of repeated motions does not rise to the level of extreme prejudice suffered by the plaintiff in Eisenmenger. Moreover, unlike Eisenmenger, sanctions other than dismissal were available in this case to remedy the limited prejudice to the County. Indeed, the District Court provided for one such sanction when it stated that it would reopen the Estate's expert witness depositions as an

13

alternative to the Estate providing the ordered expert-related information. In addition, upon reopening the depositions, the District Court could have required the Estate to pay the expenses incurred by the County as a result. See Rule 37(b), M.R.Civ.P.

Finally, Ethicon's "knowing concealment" in Eisenmenger was far more egregious than the Estate's inadequate Rule 26 disclosure and response to the District Court's clarification order in this case. In Eisenmenger, Ethicon totally concealed Dr. Olcott's opinion (see Eisenmenger, 871 P.2d at 1321) and, as a direct result, the plaintiff was foreclosed from pursuing a viable claim against the doctor and hospital. Here, the Estate disclosed the identity of its expert witnesses and the general topics on which they are expected to testify at trial. Thus, although the Estate's conduct in this case clearly violated the court's order of clarification and is strongly disapproved, it does not rise to the level of discovery-related misconduct present in Eisenmenger. Since neither the nature or extent of discovery abuse nor the resulting prejudice is of the magnitude of that present in Eisenmenger, Eisenmenger does not compel a conclusion that imposition of the dismissal sanction was appropriate here.

In Landauer, the plaintiff filed a claim against the defendant to recover lost rental income. The defendant served requests for production of the plaintiff's federal and state income tax returns for specified years. Landauer, 732 P.2d at 839. When the plaintiff did not provide the returns, the defendant filed a motion to compel production. The district court ordered the plaintiff to

14

produce the returns within twenty days and the plaintiff failed to comply. Landauer, 732 P.2d at 840. The defendant again moved the court to compel production. The court ordered the plaintiff to provide the returns within ten days and warned that failure to comply would result in dismissal of his complaint with prejudice. Landauer, 732 P.2d at 840. The plaintiff timely produced his federal, but not his state, returns and the district court dismissed the plaintiff's complaint with prejudice pursuant to Rule 37(b), M.R.Civ.P. Landauer, 732 P.2d at 840. We determined that, under those circumstances, the district court did not abuse its discretion in dismissing the plaintiff's complaint. Landauer, 732 P.2d at 841.

Similar to the district court in Landauer, the District Court in this case warned in its initial post-remand order that if the Estate failed to comply, "then the court will be left with no other alternative but to dismiss this case with prejudice or impose other appropriate sanctions." However, the Estate then moved the District Court to clarify that order and the court issued a clarification order wherein it modified its prior warning, at least with regard to the expert witness information, by requiring that the Estate provide the expert-related information "or in the alternative this Court must reopen the depositions of [the Estate's] experts to answer questions about the basis of their opinions."

The record before us demonstrates that the Estate provided two of the three categories of information set forth in the District

15

Court's clarification order; it also provided part of the ordered expert witness information. Notwithstanding its specific warning of the sanction which would result from the Estate's failure to provide the ordered expert-related information, however, the District Court dismissed the Estate's complaint with prejudice.

Thus, in both Landauer and the present case, the parties were expressly warned of the consequences for failure to comply with the court's discovery-related order. In Landauer, the district court imposed the consequence of which it had warned--dismissal with prejudice--and we determined that the court had not abused its discretion. See Landauer, 732 P.2d at 841. In this case, however, the District Court imposed consequences much more severe than those of which it had expressly warned. Landauer does not, therefore, compel a conclusion that the sanction of dismissal with prejudice was appropriate here.

We reaffirm our policy that, in reviewing the imposition of Rule 37 sanctions, we generally must defer to the decision of the district court. See Eisenmenger, 871 P.2d at 1319. When parties fail to comply with court orders enforcing the rules of discovery, they must suffer the consequences. See Owen, 627 P.2d at 1236. The extent of the "consequences" imposed by a district court, however, should relate to the extent and nature of the actual discovery abuse and the extent of the prejudice to the opposing party which results therefrom. Moreover, where a court expressly warns of the consequences to follow from a party's failure to comply, the court should impose sanctions accordingly.

16

Here, the Estate's failure to comply with ordered discovery was totally insupportable, but relatively limited, as was the prejudice to the County. Thus, the dismissal sanction bears little relationship to the nature and extent of the discovery abuse and the resulting prejudice in this case. Most importantly, the District Court's imposition of the ultimate sanction of dismissal was a marked, and significant, departure from the specific consequences of which it had elected to warn the Estate.

Discovery abuse tactics, especially in this era of crowded dockets, deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism. See First Bank (N.A.)-Billings, 711 P.2d at 1386 (quoting G-K Properties v. Redevelopment Agency, Etc. (9th Cir. 1978), 577 F.2d 645, 647). Rule 37, M.R.Civ.P., provides a necessary tool for district courts to manage crowded dockets. Dismissal of an action with prejudice, however, is the "most severe in the spectrum of sanctions provided by statute or rule[;] . . . [it] must be available to the district court *in appropriate cases* . . . ." National Hockey League et al. v. Metropolitan Hockey Club, Inc., et al. (1976), 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747, 751 (emphasis added). Such a severe sanction is inappropriate where, as here, the court has stated in its order that the sanction for noncompliance will be something other than dismissal.

The District Court's frustration with the Estate's attorney is evident in its order of dismissal and entirely understandable. This case, only one of hundreds on the District Court's docket, has

17

consumed a great deal of the court's resources for more than five years and the discovery phase apparently remains uncompleted. Under the record before us, however, we hold that the District Court abused its discretion in dismissing the Estate's complaint with prejudice.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Justice James C. Nelson, specially concurring.

I concur with our conclusion that, under the narrow circumstances here, imposition of the ultimate sanction of dismissal of the Estate's cause of action with prejudice was too severe a sanction given the precise nature of the Estate's discovery abuses. In my own mind, however, this case presents an extremely close call and I sincerely sympathize with the trial court and opposing counsel who have had to bear the frustration of the Estate's attorney's approach to discovery and the trial court's orders--correctly characterized in our decision as "in your face" and totally insupportable.

Moreover, while perhaps implicit in our opinion, reopening the Estate's experts' depositions at the Estate's expense is not the only remaining sanction available to the District Court under Rule 37(b)(2), M.R.Civ.P. To the contrary, there are a variety of sanctions under the Rule which the trial court might discretionarily impose.

Finally, if, after all this, counsel for the Estate continues to persist in his intransigent approach, I would not preclude the imposition of the sanction of dismissal with prejudice. Further warnings are unnecessary. Accordingly, I specially concur.

                                    _____
                                              Justice

19