Nos. 04-625, 04-816

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 209

DR. XIN XU,

        Plaintiff and Appellant,

   v.

McLAUGHLIN RESEARCH INSTITUTE FOR
BIOMEDICAL SCIENCE, INC., and DR. GEORGE CARLSON,
Individually, and in his Capacity as Director and Senior Scientist for
the McLaughlin Research Institute for Biomedical Sciences, Inc.,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and for the County of Cascade, Cause Nos. CDV 2003-945, CDV 2004-005

                     The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Ronald L. Bissell, Bissell Law Offices, Missoula, Montana (Cause No. 2003-945); Dr. Xin Xu, *pro se*, Missoula, Montana (CDV 2004-005)

        For Respondents:

                Jean E. Faure and Jason T. Holden, Church Harris Johnson & Williams, Great Falls, Montana

                           Submitted on Briefs:  July 19, 2005

                                 Decided:  August 23, 2005

Filed:

_____
                         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Dr. Xin Xu (Xu) filed two claims against his former employer, McLaughlin Research Institute for Biomedical Sciences. Both claims arise out of the termination of his employment contract. Xu appeals the Eighth Judicial District Court's dismissal with prejudice of his claim in Cause No. CDV 03-945, and the District Court's grant of Respondent McLaughlin's Motion for Summary Judgment in Cause No. CDV 04-005. We affirm.

## ISSUES

¶2 A restatement of the relevant issues is:

¶3 Did the District Court abuse its discretion by dismissing with prejudice Xu's action in Cause No. CDV 03-945?

¶4 Did the District Court abuse its discretion by granting McLaughlin's Motion for Summary Judgment in Cause No. CDV 04-005?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On September 11, 2003, counsel for Xu filed a Complaint and Demand for Jury Trial in the Montana Eighth Judicial District Court, Cascade County. This matter was assigned Cause No. 03-945. The Complaint set forth the following facts:

¶6 In November 1999, Xu accepted a three-year contract as a scientist with the McLaughlin Research Institute for Biomedical Sciences, Inc., in Great Falls, Montana. Dr. George Carlson was the Director and Senior Scientist at McLaughlin Research at the time Xu was hired. (Hereinafter both McLaughlin Research Institute and Dr. Carlson will be

2

collectively referred to as "MRI.")  In July 2001, MRI extended Xu's appointment by one year.  Then, in September 2002, MRI terminated Xu's employment.  At that time, MRI provided Xu with a check for his salary and medical and life insurance through November 15, 2003.

¶7    Xu's Complaint alleged that MRI:  1) terminated his employment without good cause in violation of the Montana Wrongful Discharge from Employment Act; 2) blacklisted him and prevented him from obtaining employment; 3) discriminated against him because of his race, national origin, and marital status in violation of the Montana Human Rights Act; 4) violated the covenant of good faith and fair dealing; 5) intentionally and negligently inflicted emotional distress; and 6) negligently breached the duty of care it owed to him in providing information to prospective employers.  He subsequently attempted to file three amended complaints, none of which were allowed by the court.

¶8    Xu retained counsel shortly after receiving his termination letter from MRI in September 2002.  After failed settlement negotiations on October 31, 2002, Xu fired this attorney.  He engaged another attorney to prepare the September 2003 Complaint.  Subsequently, on November 12, 2003, she requested permission to withdraw, which was granted on November 14, 2003.  Xu acted as his own counsel for the remainder of the District Court proceeding.  He retained an attorney to assist him in this appeal.

¶9 MRI served written discovery requests upon Xu on October 8, 2003. The request plainly indicated that under Rules 33, 34, and 36 of Montana's Rules of Civil Procedure, Xu had thirty days in which to respond in writing. At the time Xu received the requests, he was represented by counsel although counsel withdrew shortly thereafter. On January 6, 2004, Xu submitted incomplete, inappropriate, and unacceptable responses. On January 18, counsel for MRI notified Xu that his responses were inadequate and incomplete. Additionally, she provided further explanation for six requests to which Xu had answered "Need more specific information." Defense counsel informed Xu that he had to supplement his responses by January 23, or MRI would file a motion to compel. Xu did not respond.

¶10 On February 25, 2004, MRI filed a Motion, seeking an Order compelling Xu to respond appropriately and completely. Then, after unsuccessful correspondence seeking an available date to schedule Xu's deposition, MRI gave timely notice to Xu of its intent to take his deposition on May 11, 2004. Without response or explanation, Xu did not attend his deposition. On May 12, 2004, MRI sought an Order compelling Xu's attendance at the deposition and imposing sanctions, including dismissal of Xu's claims, for his failure to attend the May 11 deposition.

¶11 The District Court held a hearing on June 7, 2004, to address MRI's motions. During the hearing, the court carefully explained to Xu his obligation to comply with the Montana Rules of Civil Procedure, including answering discovery and attending depositions. The court ordered Xu to provide the required written responses to MRI's October 2003 discovery

4

requests by June 30, 2004. The court also ordered Xu to appear for a deposition to be scheduled no later than June 30, 2004.

¶12 After an exchange of correspondence, Xu agreed to appear at a deposition scheduled at noon on June 30, 2004. MRI reminded Xu of the deposition date through timely notice on June 10. Xu filed a pleading on June 22, confirming his appearance. On June 24, counsel for MRI reminded Xu by letter that he was under court order to provide supplemental written responses to the October discovery requests by June 30. Counsel requested that the answers be provided before his noon deposition of the same day. In response, Xu, without seeking permission, immediately and unilaterally filed a written pleading with the District Court "rescheduling" his June 30 deposition. Counsel for MRI promptly responded in writing, urging him to attend the June 30 deposition as scheduled or MRI would seek the sanction of dismissal. Xu did not attend the deposition.

¶13 MRI promptly moved for sanctions against Xu for failure to attend the scheduled and ordered deposition. The sanctions requested included attorneys fees and costs, including court reporter costs for both missed depositions, and possible dismissal of Xu's claims. The District Court held a hearing on August 2, 2004, to consider MRI's motion. During the hearing Xu offered no excuse for his failure to attend the deposition other than his belief that written discovery should be completed prior to taking depositions and that MRI's counsel's letter requesting the answers to the October discovery requests somehow constituted new discovery.

5

¶14     On August 3, 2004, the District Court, relying on Rule 37(d), M.R.Civ.P., dismissed Xu's action with prejudice for failure to attend two scheduled depositions, one of which was court-ordered. The court noted that Xu had been sufficiently forewarned of the possibility of dismissal as a sanction for failing to appear at his June deposition.

¶15     On January 5, 2004, as Cause No. 03-945 was proceeding, Xu filed another complaint against MRI in the Montana Eighth Judicial District Court, Cascade County. This case was assigned Cause No. 04-005. The Complaint was prepared by Xu, *pro se*, and arose from the same facts as Cause No. 03-945. However, Xu did not serve MRI with this second Complaint until August 12, 2004, approximately one week after Cause No. 03-945 was dismissed. MRI filed a Motion for Summary Judgment with respect to this Complaint based on *res judicata* and collateral estoppel. Xu argued that principles of *res judicata* and collateral estoppel did not apply because there had been no final adjudication on the merits in Cause No. 03-945. Xu also argued that because he included a new claim of defamation in the Complaint in Cause No. 04-005, this claim was not subject to *res judicata* or collateral estoppel.

¶16     Relying on Rules 41(b) and 37(d), M.R.Civ.P., the District Court concluded that dismissal of Cause No. 03-945 was a "dismissal with prejudice," and constituted an adjudication upon the merits. In response to Xu's alternative argument, the District Court held that the defamation claim *could* have been raised in the original Complaint, as it arose from the same set of facts and circumstances as did Cause No. 03-945. The court also noted that in both actions, the parties, the subject matter, the issues, and the parties' capacities in

6

relation to the subject matter was the same. After concluding that there was a final adjudication on the merits in Cause No. 03-945, the court determined that both *res judicata* and collateral estoppel applied to Cause No. 04-005. It therefore granted MRI's Motion for Summary Judgment. Xu filed timely appeals in both of these cases. We granted a motion to consolidate these two cases for purposes of review.

## STANDARD OF REVIEW

¶17 We review a district court's imposition of discovery sanctions for an abuse of discretion. We have consistently deferred to a district court's imposition of sanctions because "the trial judge is in the best position to know . . . which parties callously disregard the rights of their opponents and other litigants seeking their day in court. The trial judge is also in the best position to determine which sanction is the most appropriate." *Smart v. Molinario*, 2004 MT 21, ¶ 8, 319 Mont. 335, ¶ 8, 83 P.3d 1284, ¶ 8 (internal citations omitted).

¶18 We review a district court's grant or denial of a motion for summary judgment *de novo*. Therefore, we apply the same Rule 56, M.R.Civ.P., criteria as applied by the district court. Pursuant to Rule 56, M.R.Civ.P.:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

7

*Hickey v. Baker School Dist. No. 12*, 2002 MT 322, ¶ 12, 313 Mont. 162, ¶ 12, 60 P.3d 966, ¶ 12 (internal citations omitted).

## DISCUSSION

¶19 Rule 37(d), M.R.Civ.P., provides in pertinent part that sanctions are appropriate when a party fails:

> (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or . . . .

¶20 Since 1981, we have consistently stated that discovery abuses will not be dealt with leniently. In *Owen v. F. A. Buttrey Co.* (1981), 192 Mont. 274, 627 P.2d 1233, we noted the then-growing trend in federal jurisprudence to be less tolerant of discovery abuses and to impose sanctions on parties who frustrate, rather than facilitate, discovery. After briefly summarizing the holdings in several "discovery abuse" cases, including, but not limited to, *SCM Societa Commerciale S.P.A. v. Industrial and Commercial Research Corp.* (N.D. Tex. 1976), 72 F.R.D. 110, *National Hockey League v. Metropolitan Hockey Club, Inc.* (1976), 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, and *G-K Properties v. Redevelopment Agency of the City of San Jose* (9th Cir. 1978), 577 F.2d 645, this Court adopted a similar low tolerance attitude toward discovery abuses. In so doing, we affirmed the *Owen* district court's imposition of sanctions. Since the *Owen* case, we have repeatedly affirmed the imposition of sanctions, including dismissal with prejudice, by various district courts for discovery rule violations. *See*, *e.g., Smart*, ¶ 14; *Jerome v. Pardis* (1989) 240 Mont. 187,

8

193, 783 P.2d 919, 923; *In re Marriage of Massey* (1987), 225 Mont. 394, 399, 732 P.2d 1341, 1344; *Dassori v. Roy Stanley Chevrolet Co.* (1986), 224 Mont. 178, 180, 728 P.2d 430, 432.

¶21    Subsequently, in *Smith v. Butte-Silver Bow County* (1996), 276 Mont. 329, 340, 916 P.2d 91, 97, and later in *McKenzie v. Scheeler* (1997), 285 Mont. 500, 949 P.2d 1168, we focused on two concerns:  whether there was an actual failure to comply with the judicial process, and whether the severity of the sanction was appropriate.

¶22    Xu does not dispute that he failed to attend two scheduled depositions, one of which was court-ordered, or that he failed to provide proper responses to MRI's interrogatories, even after the District Court ordered him to do so.  Xu's argument is that, given his circumstances, the sanction of dismissal for his failures was too severe.  He asserts that he misunderstood the judicial process and the court's orders; therefore, his failure to comply was neither "willful" nor in bad faith.  He also maintains that, unlike the parties in other cases relied upon by MRI or the District Court, he was not "dilatory" or "unresponsive." Additionally, he argues that MRI was not prejudiced by his actions.  Lastly, he contends that as a *pro se* plaintiff, he should have been given more deference.

¶23    First, we note that Xu was represented by, and ultimately fired, two attorneys while his first case was pending in the District Court.  While we typically provide wide latitude to *pro se* litigants in their attempts to comply with the technicalities of pleadings, we have repeatedly stated that all litigants, including those acting *pro se*, must adhere to our procedural rules.  *In re P.D.L.*, 2004 MT 346, ¶ 13, 324 Mont. 327, ¶ 13, 102 P.3d 1225,

9

¶ 13.  In fact, the District Court specifically instructed Xu of this.  Nonetheless, Xu failed to comply with the rules, or obtain substitute counsel.

¶24    As for Xu's argument that his failings were not intentional or willful, we observed in *McKenzie* that, "sanctions for abuse of discovery procedures are imposed in order to deter unresponsive parties in an action; it is the attitude of unresponsiveness to the judicial process, regardless of the intent behind that attitude, which warrants sanctions." *McKenzie*, 285 Mont. at 508, 949 P.2d at 1172.  Moreover, Xu's assertion that he was not "dilatory" is unpersuasive.  "Dilatory" simply means tardy; characterized by procrastination; or tending or intended to cause delay.  *Merriam-Webster Online Dictionary*.  It therefore does not necessarily require an element of intent.  Xu's failure to comply with the court's rules and orders was dilatory in that his actions effectively halted discovery, and resulted in two cancelled depositions and MRI twice moving to compel Xu to act.  His inaction also required the District Court to hold hearings and prevented the case from progressing.  These are precisely the reasons that sanctions under Rule 37 are available.

¶25    As for Xu's assertion that MRI was not prejudiced, we have held the failure to comply with discovery procedures, in itself, is prejudicial to the other party.  *McKenzie*, 285 Mont. at 516, 949 P.2d at 1177.  Having concluded that Xu inexcusably failed to comply with the court's rules and orders, we now determine whether the sanction of dismissal was an abuse of discretion.

¶26    Xu relies on *Butte-Silver Bow County* to support his argument that dismissal of his case was neither indicated nor required.  In *Butte-Silver Bow County*, we identified certain

10

criteria the Court may use in reviewing whether a sanction is an abuse of discretion. We look to: 1) whether the consequences imposed by the sanctions relate to the extent and nature of the actual discovery abuse; 2) the extent of the prejudice to the opposing party which resulted from the discovery abuse; and 3) whether the court expressly warned the abusing party of the consequences. *Butte-Silver Bow County*, 276 Mont. at 339-40, 916 P.2d at 97.

¶27 As noted above, MRI gave Xu every opportunity to comply with its discovery requests. It even supplemented its instructions at his request. However, Xu did not respond to MRI's correspondence or offer further answers to the discovery requests. MRI filed its first Motion to Compel on February 25, 2004.

¶28 In addition to failing to answer MRI's discovery requests, Xu failed to attend a timely noticed deposition. In April 2004, MRI wrote Xu requesting dates on which Xu would be available for deposition. Xu responded in writing that, "As soon as you provide dates of Carlson's . . . availability, I will get you dates for mine." After additional unsatisfactory correspondence, MRI notified Xu that his deposition was scheduled for May 11, 2004. Without explanation, Xu failed to attend. MRI filed another Motion to Compel and a request for sanctions. Subsequently, Xu failed to attend the second deposition that he had been ordered to attend by the District Court.

¶29 In *Bahm v. Southworth*, 2000 MT 244, 301 Mont. 434, 10 P.3d 99, we affirmed the district court's default judgment against the Southworths for failing to appear at their depositions and failing to respond to written discovery requests. Also, in *Huffine v. Boylan*

11

(1989), 239 Mont. 515, 518, 782 P.2d 77, 78, we affirmed the district court's dismissal of Huffine's cause of action for Huffine's failure to appear at his deposition. *See also Jerome,* 240 Mont. at 191, 783 P.2d at 921, in which the Court emphasized that sanctions, including dismissal, were appropriate for refusal to comply with discovery orders or to attend one's deposition.

¶30    We conclude that Xu's failure to comply with procedural rules and court orders satisfactorily fulfills the first two criteria set out in *Butte-Silver Bow County*.  Furthermore, we note that MRI's letter urging Xu to attend his court-ordered deposition expressly informed Xu that MRI would seek dismissal if Xu failed to attend.  Subsequently, MRI requested dismissal in its Motion to Compel.  We conclude that all three *Butte-Silver Bow County* criteria were met, and no abuse of discretion occurred.

¶31    It strains credulity that Xu, a former instructor of medicine at Boston University School of Medicine and a former researcher at MRI, could not understand the basic rule that he had thirty days in which to respond to interrogatories, or that he was required to attend a scheduled and subsequently court-ordered deposition.  We conclude from the record that Xu knowingly and repeatedly refused to cooperate with discovery requests.  This type of behavior is what Rule 37 is intended to discourage.  We conclude the District Court did not abuse its discretion by dismissing Xu's complaint in Cause No. CDV 03-945, with prejudice, as a sanction for discovery abuses.

¶32    Xu also complains that the District Court abused its discretion by granting MRI's Motion for Summary Judgment in Cause No. 04-005.  He contends that this claim is not

12

subject to dismissal under the doctrines of *res judicata* or collateral estoppel. We conclude the District Court correctly granted summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ. P.

¶33 The doctrine of *res judicata* "bars a party from relitigating a matter that the party has already had an opportunity to litigate." *Estate of Watkins v. Hedman, Hileman & Lacosta*, 2004 MT 143, ¶ 31, 321 Mont. 419, ¶ 31, 91 P.3d 1264, ¶ 31 (citations omitted). *Res judicata* applies if the following four elements have been satisfied: 1) the parties or their privies are the same; 2) the subject matter of the present and past actions is the same; 3) the issues are the same and relate to the same subject matter; and 4) the capacities of the persons are the same in reference to the subject matter and to the issues between them. *Estate of Watkins*, ¶ 32.

¶34 The doctrine of collateral estoppel "bars the reopening of an issue [in a second cause of action] that has been litigated and resolved in a prior suit." *Estate of Watkins*, ¶ 31. Collateral estoppel applies only if the following three elements have been satisfied: 1) the identical issue raised was previously decided in a prior adjudication; 2) a final judgment on the merits was issued in the prior adjudication; and 3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication. *Estate of Watkins*, ¶ 33.

¶35 As correctly determined by the District Court, the elements of both *res judicata* and collateral estoppel are met in the case before us. While Xu argued that because his

13

Complaint in Cause No. 04-005 contained a new claim of defamation, it was not subject to *res judicata*, we have held that *res judicata* applies not only to issues that were raised, but to issues that *could have been* or should have been raised in the prior litigation. *Parini v. Missoula Cty. High School* (1997), 284 Mont. 14, 23, 944 P.2d 199, 204.

¶36 Lastly, the District Court correctly concluded that under Rule 41(b), a dismissal with prejudice under Rule 37(d), M.R.Civ.P., constitutes an adjudication upon the merits. Rule 41(b), M.R.Civ.P., provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. *Unless the court in its order for dismissal otherwise specifies, a dismissal* under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or failure to join a party under Rule 19, *operates as an adjudication upon the merits*. [Emphasis added.]

¶37 We therefore conclude that the District Court did not abuse its discretion in granting MRI's request for summary judgment in Cause No. 04-005.

## CONCLUSION

¶38 For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE