FILED

March 13 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0449

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 59N

JEFFREY S. RAPP,

       Plaintiff and Appellant,

  v.

SBC: SCHLAUCH BOTTCHER CONSTRUCTION,

       Defendant and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV 09-961A
                Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeffrey S. Rapp, self-represented, Belgrade, Montana

      For Appellee:

          James T. Redmon, Redmon Law Firm, Bozeman, Montana

Submitted on Briefs:   February 1, 2012
Decided:   March 13, 2012

Filed:

                    _____
                                 Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeffrey Rapp (Rapp) appeals an order of the Eighteenth Judicial District Court, Gallatin County, granting Schlauch Bottcher Construction's (SBC) motion for default judgment and awarding costs and attorneys' fees to SBC. We affirm.

¶3 Rapp, a former SBC employee, sued SBC on October 6, 2009, alleging claims of wrongful discharge, discrimination, slander, defamation, and fraud. Rapp also alleged SBC denied him "proper compensation as dictated by the Dept. of Labor & Industry." Rapp sought $810,000 in damages, along with punitive damages and attorneys' fees. For approximately two years, SBC attempted to engage in the discovery process and mediation, to no avail. Ultimately, SBC moved for default judgment against Rapp as a discovery sanction.

¶4 On July 22, 2011, the District Court granted SBC's motion for default, finding that Rapp:

> willfully and consistently refused to participate in the discovery process in any meaningful way. It further appears that [Rapp] has failed to comply with Orders of the Court regarding timely and complete responses to propounded discovery, as well as his attendance at and meaningful participation in [SBC's] taking of [Rapp's] deposition. [SBC] has noticed [Rapp's] deposition no less than six times, yet [Rapp] appeared for only one of those dates, was uncooperative, was evasive and non-responsive in answering questions, failed to provide requested documents, and left the deposition before it was completed. [Rapp] further failed to appear on any date noticed by [SBC]

2

following this Court's August 10, 2010 Order granting [SBC's] Motion to Compel [Rapp] to appear for his deposition. [Rapp] also has failed to respond to this Court's August 10, 2010 Order granting [SBC's] Motion to Compel [Rapp] to provide an exhibit list in conjunction with his lay witness list. It further appears that [Rapp] failed to comply with this Court's directive in the September 16, 2010 Amended Scheduling Order requiring both parties to schedule and 'participate in the mediation in good faith.'

¶5 The District Court further found that SBC was prejudiced by Rapp's failures to participate in discovery and follow court orders. Finally, the District Court found it warned Rapp "on numerous occasions" of the "serious sanctions" which could be imposed for failure to comply with court orders and the Montana Rules of Civil Procedure.

¶6 In addition to granting SBC's motion for default and dismissing Rapp's claims, the District Court awarded SBC its "reasonable costs and attorney's fees incurred in defending this action." It appears the amount of this award was not determined by the District Court, as Rapp filed the present appeal before SBC could file its memorandum of costs and attorneys' fees.

¶7 We review a district court's imposition of discovery sanctions, including dismissal as a discovery sanction, for an abuse of discretion. *Peterman v. Herbalife International, Inc.*, 2010 MT 142, ¶ 14, 356 Mont. 542, 234 P.3d 898. We have "repeatedly articulated a low-tolerance approach toward discovery abuse, encouraging district courts not to give transgressors second chances but rather to impose sanctions." *Peterman*, ¶ 17.

¶8 In reviewing the discovery sanction imposed, in this case dismissal, we look to: (1) whether the consequences imposed by the sanctions relate to the extent and nature of the actual discovery abuse; (2) the extent of prejudice to the opposing party resulting from the discovery abuse; and (3) whether the court expressly warned the abusing party of the

consequences. *Xu v. McLaughlin Research Institute for Biomedical Science, Inc.*, 2005 MT 209, ¶ 26, 328 Mont. 232, 119 P.3d 100. Dismissal is appropriate for refusal to comply with discovery orders and failure to attend one's deposition. *Xu*, ¶ 29.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is one of judicial discretion. After reviewing the record, we conclude there clearly was not an abuse of discretion. We affirm and remand for the District Court to determine the reasonable amount of costs and attorneys' fees SBC incurred while defending this action.

¶10 SBC also requested sanctions on appeal pursuant to M. R. App. P. 19(5). We conclude such sanctions are not appropriate in this case.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE