FILED

03/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0559

DA 21-0559

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 56N

SERGIO VALDEZ SALAS,

       Plaintiff and Appellant,

   v.

ARBY'S,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 21-0595
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Sergio Valdez Salas, Self-Represented, Billings, Montana

                       Submitted on Briefs:  March 2, 2022

                              Decided:  March 15, 2022

Filed:

_____
                           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Sergio Valdez Salas appeals from the October 19, 2021 Order of the Thirteenth Judicial District Court, Yellowstone County, dismissing Salas's wrongful discharge claim with prejudice for failure to respond to the court's show cause order and failure to support his claim for damages. We affirm.

¶3      Arby's hired Salas as a team member on March 4, 2021. Arby's General Manager Renee Vialpando suspended his employment on April 15, 2021, after two incidences where Salas violated the employee handbook. Vialpando reported that Salas was blatantly insubordinate and disrespectful to her while working on the back line on April 14, 2021, and again prior to opening the restaurant on April 15, 2021. The April 15, 2021 incident resulted in Billings Police officers escorting Salas off the property after he repeatedly refused to acknowledge Vialpando's directive to clock out and leave the restaurant. Arby's terminated Salas's employment by letter on April 20, 2021, also notifying him that because of his "disruptive, inappropriate and unacceptable behavior," he was no longer permitted on the premises.

¶4      On May 25, 2021, Salas filed a pro se Complaint against Arby's, alleging he was wrongfully discharged and seeking monetary compensation. Arby's did not respond, and

2

the Clerk of District Court entered its default on July 1, 2021. The court held a hearing for damages on August 9, 2021, at which Salas and Arby's appeared. Salas testified that he obtained a new job less than one month after his termination from Arby's, making more money than he was being paid at Arby's. The District Court declined to enter judgment but ordered Arby's to show cause by September 6, 2021, why the default should be set aside, and ordered Salas to show cause by September 20, 2021, why the default should not be set aside.

¶5 On August 23, 2021, Arby's filed an Answer, attaching a three-page disciplinary termination document and Salas's termination letter from Arby's Regional Manager Matt Smith, which together established that Salas was a probationary employee when he violated multiple personal conduct policies and work rules outlined in the employee handbook. Salas did not respond to the District Court's order to show cause. On October 19, 2021, the District Court dismissed Salas's complaint with prejudice, finding that "[b]ecause of his probationary status, his failure to respond by September 20, 2021, and because of the substantive documentation, Salas has not supported his claim for damages."

¶6 We review a district court's order dismissing a complaint for failure to state a claim de novo. *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316. Salas's argument on appeal is difficult to discern. He makes a number of conclusory statements but does not substantively address the District Court's bases for dismissing his complaint or allege facts that may constitute reversible error on the part of the District Court. While we liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings

drafted by lawyers, pro se litigants nevertheless must adhere to procedural rules and orders of the court. *Xin Xu v. McLaughlin Research Inst. for Biomedical Sci., Inc.*, 2005 MT 209, ¶ 23, 328 Mont. 232, 119 P.3d 100. "We have repeatedly held that it is not within our purview to conduct legal research on a party's behalf, to guess as to the party's precise position, or to develop legal analysis that may lend support to that position." *State v. Redlich*, 2014 MT 55, ¶ 22, 374 Mont. 135, 321 P.3d 82 (internal quotations and citations omitted). A district court's decision is presumed correct, and the appellant bears the burden of establishing error by that court on appeal. *In re Marriage of McMahon*, 2002 MT 198, ¶ 7, 311 Mont. 175, 53 P.3d 1266. Salas has failed to carry that burden.

¶7  We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and the record, we conclude that Salas has not met his burden on appeal. We affirm the District Court's Order of Dismissal with Prejudice.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE