FILED

07/29/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0008

DA 25-0008

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 166N

JEREMIAH LOWRIE,

     Plaintiff and Appellant,

    v.

STATE OF MONTANA; NICK RANSOM;
and KEVIN DOWNS,

     Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV 2024-61
Honorable Christopher D. Abbott, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jeremiah Lowrie, Self-Represented, East Helena, Montana

    For Appellee State of Montana:

        Blake R. Koemans, Agency Legal Services Bureau, Helena, Montana

    For Appellee Nick Ransom:

        Murry Warhank, Erin Lyndes, Jackson, Murdo & Grant, P.C., Helena,
Montana

                Submitted on Briefs:  July 16, 2025

                        Decided:  July 29, 2025

Filed:

                            _____
                                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Jeremiah Lowrie (Lowrie) appeals from the January 1, 2025 Final Judgment of the First Judicial District Court, Lewis & Clark County, dismissing his complaint against Officer Nick Ransom (Ransom), Lewis and Clark County Attorney Kevin Downs (Downs), and the State of Montana. We affirm.

¶3    On January 10, 2023, a former partner obtained an Order of Protection (OOP) against Lowrie which prohibited him from having direct contact with her. On December 3, 2023, law enforcement received a report that Lowrie, for the third time, had violated the OOP. Ransom met with Lowrie at his home the same day. Lowrie admitted to contacting his former partner in violation of the OOP. Ransom arrested Lowrie. The State then amended Lowrie's charges in a separate criminal case otherwise unrelated to this appeal to add a count of violation of an OOP and revoked his bond.

¶4    Lowrie, acting *pro se*, filed the complaint in the instant case against the State of Montana on January 25, 2024, alleging "false imprisonment, false arrest, abuse, and abduction" against Downs, Ransom, and the State of Montana and asking the court to dismiss all criminal charges against him as well as seeking $10,000,000 in damages.

2

¶5 After Lowrie failed to respond to discovery requests from Ransom, the court issued an order to compel discovery on May 31, 2024, pursuant to Mont. R. Civ. P. 37. Lowrie again did not respond adequately. Ransom sought discovery sanctions, requesting the court dismiss the complaint and for reimbursement of $2,447 in attorney fees. The District Court granted this motion on November 7, 2024, sanctioning Lowrie by dismissing his complaint against Ransom with prejudice and ordering him to pay $500 for attorney fees incurred. The State and Downs subsequently moved for summary judgment on the basis that Downs, as county attorney and an agent of the State, was operating within his official capacity in prosecuting Lowrie for violating his OOP. Thus, Downs and the State were immune from damages. Lowrie failed to present any facts contesting the State's argument. The District Court granted summary judgment to Downs and the State on December 18, 2024, dismissing Lowrie's complaint against Downs and the State with prejudice. The court entered its final judgment dismissing Lowrie's complaint on January 1, 2025.

¶6 On appeal, Lowrie contests the District Court's dismissal, maintaining that the State, Downs, and Ransom violated his fundamental rights. We restate the dispositive issues in the present case as follows:

1) *Whether the District Court abused its discretion in dismissing Lowrie's complaint against Ransom and assessing attorney fees against him as a discovery sanction.*

2) *Whether the District Court erred in granting summary judgment to the State.*

¶7 We first address the discovery sanctions against Lowrie. We review a court's imposition of discovery sanctions for an abuse of discretion. *Xu v. McLaughlin Research Inst.*, 2005 MT 209, ¶ 17, 328 Mont. 232, 119 P.3d 100. An abuse of discretion occurs if

3

a discretionary ruling is based on a mistake of law, clearly erroneous finding of fact, or arbitrary reasoning, lacking in conscientious judgment or exceeding the bounds of reason, resulting in substantial injustice. *Mont. State Univ. v. Mont. First Jud. Dt. Ct.*, 2018 MT 220, ¶ 15, 392 Mont. 458, 426 P.3d 541 (citation omitted).

¶8 In relevant part, Mont. R. Civ. P. 37(d)(1) provides that sanctions are appropriate when a party fails to serve complete answers to interrogatories or requests for production. Additionally, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney fees, caused by the failure" unless the "other circumstances make an award of expenses unjust." Mont. R. Civ. P. 37(b)(2)(C). Our two paramount concerns in reviewing discovery sanctions focus on whether there was an actual failure to comply with the judicial process and whether the severity of the sanction was appropriate. *Xu*, ¶ 21. Here, Lowrie's noncompliance was comprised of both deficient answers and a direct refusal to address the requests.

¶9 We now proceed to whether the court levied appropriate sanctions. The court may dismiss the action in whole or in part when a party fails to obey an order to provide or permit discovery. Mont. R. Civ. P. 37(b)(2)(A)(v). When reviewing a district court's sanctions for failure to comply with discovery, we look to "1) whether the consequences imposed by the sanctions relate to the extent and nature of the actual discovery abuse; 2) the extent of the prejudice to the opposing party which resulted from discovery abuse; and 3) whether the court expressly warned the abusing party of the consequences." *Xu*, ¶ 26 (citation omitted). This court has consistently stated that discovery abuses will not be dealt

4

with leniently. *Xu*, ¶ 20. All litigants, even those like Lowrie acting *pro se*, "must adhere to our procedural rules." *Xu*, ¶ 23 (citation omitted).

¶10    Here, the District Court levied appropriate sanctions. First, Lowrie provided deficient responses to discovery questions concerning his claims for damages and liability, frustrating the possibility of a trial on the merits. Second, the District Court found this nondisclosure "inherently prejudicial to Ransom" because these communications are directly relevant to the claims and defenses in the instant case. By not providing these answers to Ransom, Lowrie has frustrated the defendant officer's fair opportunity to defend himself. Additionally, Lowrie's noncompliance has caused delays and unnecessary litigation expenses, all of which also prejudiced Ransom. The court ordered Lowrie to pay $500—much less than the $2,447 requested by Ransom, but an amount that reflects Lowrie's financial resources. Finally, Lowrie had explicit notice from the court of the consequences of discovery noncompliance. In its order to compel discovery, the court noted "[f]ailure to comply with this order may result in further sanction, potentially including dismissal." Accordingly, the District Court did not abuse its discretion in sanctioning Lowrie for discovery noncompliance by dismissing his case and assessing $500 in associated costs against him.

¶11    Next, we examine whether the District Court erred in granting summary judgment to the State. We conduct a de novo review of a district court's ruling on a motion for summary judgment, using the same M. R. Civ. P. 56 criteria as the district court. *McAtee v. Morrison and Frampton, PLLP*, 2021 MT 227, ¶ 11, 405 Mont. 269, 512 P.3d 235

(quotation omitted). "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3). If the movant establishes no material factual dispute and entitlement to judgment as a matter of law, the burden then shifts to the non-movant to prove, by more than mere denial and speculation, that a genuine issue of material fact does exist. *McAtee*, ¶ 11 (quotation omitted).

¶12 Here, Lowrie failed to file a statement disputing any of Downs's or the State's facts with specificity or beyond mere denial and speculation. The District Court adopted the State's presented facts as undisputed. Based on these undisputed facts, Downs's office unquestionably had information supporting the belief that Lowrie had committed the offense of violating an OOP for the third time. Thus, Downs and his deputy county attorneys were acting within the scope of their duties when they brought the additional charge against Lowrie and revoked his bond. A prosecutor is immune from suit for civil damages when he acts within the course and scope of his duties. *Obert v. State*, 2024 MT 270, ¶ 40, 419 Mont. 1, 558 P.3d 1110. Because Downs, an agent of the State, is immune, the State is likewise immune. *See* §§ 7-4-2712, -2716, MCA. The District Court correctly granted summary judgment to Downs and the State because, based upon the undisputed facts presented, their immunity from suit for civil damages for conduct within the course and scope of their duties entitled them to judgment as a matter of law.

¶13 The District Court did not abuse its discretion by dismissing Lowrie's complaint against Ransom and the levying of the $500 for attorney fees as discovery sanctions. The District Court did not err in granting summary judgment to Downs and the State. Accordingly, we affirm the dismissal of Lowrie's complaint.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

Chief Justice Cory Swanson recused himself and did not participate in this matter.