DA 06-0331

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 207

GEORGE HAROLD DAVIS,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Madison, Cause No. DC-29-03-13
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            William Boggs, Attorney at Law, Missoula, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

Submitted on Briefs:  January 24, 2007

Decided:  August 21, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 George Harold Davis (Davis) appeals from the order of the Fifth Judicial District Court, Madison County, denying his motion to reconsider the court's earlier order denying his motion for appointment of counsel. We affirm.

¶2 The sole issue on appeal is whether the District Court erred in denying Davis' motion to reconsider.

## BACKGROUND

¶3 On March 29, 2004, Davis pled guilty to one count of deliberate homicide and six counts of attempted deliberate homicide. The District Court sentenced Davis to life imprisonment in the Montana State Prison without the possibility of parole on each of the seven counts, with the sentences to run concurrently. The District Court entered its written judgment on the convictions and sentences on September 9, 2004. Davis did not appeal from the judgment.

¶4 On September 27, 2005, Davis, acting on his own behalf, moved the District Court to appoint him counsel "for the purpose of seeking post-conviction relief . . . ." The District Court denied the motion for appointment of counsel on December 2, 2005. On March 2, 2006, Davis—acting through counsel appointed to represent him in a separate proceeding in Missoula County—moved the District Court to vacate its December of 2005 order denying his request for counsel, reconsider his request for appointment of counsel to pursue postconviction proceedings and declare the statute of limitations governing the filing of postconviction relief petitions equitably tolled as of September 27,

2

2005, the date on which he filed his original motion for appointment of counsel. The District Court denied this motion, concluding Davis had failed to establish that the court's prior order denying his request for counsel was erroneous. Davis appeals.

## STANDARD OF REVIEW

¶5 In appealing from the District Court's order denying his motion to vacate the court's prior order concerning denial of appointment of counsel, Davis challenges various of the District Court's conclusions of law, including its interpretation and application of several statutes. We review a district court's conclusions of law to determine whether those conclusions are correct. *State v. Brockway*, 2005 MT 179, ¶ 8, 328 Mont. 5, ¶ 8, 116 P.3d 788, ¶ 8.

## DISCUSSION

¶6 *Did the District Court err in denying Davis' motion to reconsider?*

¶7 Davis appeals from the District Court's order denying his motion that the court reconsider its December 2, 2005, order denying Davis' motion for appointment of counsel to pursue postconviction relief. The District Court denied Davis' motion to reconsider based on its conclusion that Davis failed to establish that the court's rationale in denying his original motion for appointment of counsel was incorrect. Thus, in reviewing whether the District Court erred in denying Davis' motion to reconsider, we must review the District Court's underlying determinations in its December of 2005 order denying appointment of counsel.

¶8 In its December 2, 2005, order, the District Court first determined that Davis was required to file any postconviction relief petition by September 7, 2005. Therefore,

according to the court, by the time Davis filed his motion for appointment of counsel on September 27, 2005, the time in which to file for postconviction relief had expired and "[a]bsent an opportunity to apply for post conviction relief, there is no merit in appointing counsel." Davis contends that the District Court erred in determining that the time in which to file a postconviction relief petition expired on September 7, 2005, and we agree.

¶9 A petition for postconviction relief may be filed at any time within one year of the date on which a defendant's conviction becomes final. Section 46-21-102(1), MCA. Where a defendant does not appeal from his or her conviction, the conviction becomes final when the time for such an appeal to this Court expires. Section 46-21-102(1)(a), MCA. The time for appeal to this Court expires 60 days from the date of entry of judgment. M. R. App. P. 5(b). The written judgment on Davis' convictions and sentences in this case was filed on September 9, 2004; therefore, the time within which to appeal to this Court expired on November 8, 2004. Consequently, Davis had until November 8, 2005, in which to file for postconviction relief. As a result, when Davis filed his motion for appointment of counsel on September 27, 2005, there were still 42 days left in which he could timely file for postconviction relief and the District Court's conclusion to the contrary was erroneous.

¶10 The District Court, however, provided an alternative rationale for its refusal to appoint counsel in its 2005 order. The District Court determined it could appoint counsel only in the event Davis had requested relief by filing a petition which appeared to demonstrate good cause and entitlement to postconviction relief. The District Court

4

further observed that Davis' motion for appointment of counsel was not technically sufficient to constitute a postconviction relief petition and Davis had filed no other document purporting to be a postconviction relief petition. On that basis, the District Court concluded that it could not appoint counsel for Davis under the circumstances. Again, Davis asserts error.

¶11 Davis concedes that his motion for appointment of counsel did not constitute a petition for postconviction relief and he filed no other document which would constitute such a petition. He asserts, however, that the District Court erred in concluding that Davis was required to file a petition prior to being appointed counsel to pursue postconviction relief. He points out that, in his motion, he requested counsel be appointed pursuant to § 46-8-104, MCA, and that this statute does not require that a formal postconviction relief petition be filed before counsel may be appointed. Rather, according to Davis, the language of the statute clearly provides that counsel may be appointed at any time subsequent to a conviction when a defendant is considering pursuing a postconviction action. On this point, however, we disagree.

¶12 Section 46-8-104, MCA, provides that a court of record may assign counsel "to defend any defendant, petitioner, or appellant in any postconviction criminal action or proceeding if [he] desires counsel and is unable to employ counsel." In construing this statute, we must apply the plain meaning of the words used by the Montana Legislature, without omitting or inserting language. *See* § 1-2-101, MCA. The statute clearly states that counsel may be assigned "*in* any postconviction criminal action or proceeding . . . ." The word "in" is defined, insofar as is applicable here, as "[d]uring the act or process of .

. . ." *American Heritage Dictionary* 883 (4th ed., Houghton Mifflin Co. 2000). Applying this definition, § 46-8-104, MCA, provides that counsel may be assigned during the act or process of "any postconviction criminal action or proceeding . . . ." Thus, contrary to Davis' assertion, we conclude the plain language of this statute requires that an action or proceeding for postconviction relief be commenced—in other words, that a proceeding exist—prior to consideration of a motion for appointed counsel in the proceeding.

¶13 The statute specifically addressing appointment of counsel in postconviction proceedings also clearly indicates the Legislature's intent in this regard. Section 46-21-201(2), MCA, provides that, "[i]f the death sentence has not been imposed and a hearing is required or if the interests of justice require, the court shall order the office of the state public defender . . . to assign counsel for a petitioner [for postconviction relief] who qualifies for the assignment of counsel under Title 46, chapter 8, part 1 . . . ." Before a trial court can determine whether a hearing is required or the interests of justice require appointment of counsel, it must be presented with a postconviction relief petition setting forth the claims asserted and the facts and evidence supporting those claims. *See* § 46-21-104, MCA.

¶14 We conclude that the District Court did not err in determining that Davis was required to file a petition for postconviction relief before the court could consider his motion to appoint counsel in the postconviction proceeding, and in denying appointment of counsel because Davis had not filed a valid petition. We further conclude, therefore, that the District Court did not err in denying Davis' motion to reconsider its December of 2005 order on that basis.

¶15 Davis also argues that the District Court erred in denying his request to equitably toll the statute of limitations for filing a postconviction relief petition as of September 27, 2005, the date on which he filed his motion for appointment of counsel. Davis first argues that "[a]s a reasonable lay person, Mr. Davis would have supposed he was not required—or even allowed—to do anything further about a petition, until the court ruled on his request for counsel." He further contends that the District Court's actions—in failing to rule on his motion for appointment of counsel until after the statute of limitations for filing for postconviction relief had run, treating his motion as a postconviction relief petition and denying it on the basis it was not technically sufficient as such, and determining the statute of limitations for postconviction relief had run at the time he filed his motion for appointment of counsel—violated his right to procedural due process under Article II, Section 17 of the Montana Constitution and requires equitable relief.

¶16 We observe at the outset that the District Court did not indicate to Davis in any way that the time in which to file a postconviction relief petition would be tolled during the period in which it considered his motion for appointment of counsel, and Davis points to no other basis supporting his assumption that he could wait for the District Court's ruling before filing his petition. Although Davis filed a motion for appointment of counsel, he filed no other document meeting the time and content requirements for a postconviction relief petition contained in §§ 46-21-102 and -104, MCA. He simply took no action to preserve his ability to petition for postconviction relief.

7

¶17 Furthermore, Davis did not argue in the District Court that an alleged violation of his constitutional procedural due process right required equitable tolling of the statute of limitations. We do not address new arguments and changes of legal theory on appeal because it is fundamentally unfair to fault a district court on an issue it was never given an opportunity to address. *See, e.g., State v. Gomez*, 2007 MT 111, ¶ 21, 337 Mont. 219, ¶ 21, 158 P.3d 442, ¶ 21; *State v. Long*, 2005 MT 130, ¶ 35, 327 Mont. 238, ¶ 35, 113 P.3d 290, ¶ 35. Consequently, we decline to address Davis' constitutional due process argument.

¶18 We hold that the District Court did not err in denying Davis' motion to reconsider.

¶19 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE

Justice W. William Leaphart dissenting.

¶20 I dissent. There is merit to Davis's argument that the statute of limitations should be equitably tolled under the circumstances of this case.

¶21 As the Court notes, Davis had until November 8, 2005, to file a petition for postconviction relief. Some forty-two days prior to that deadline, he filed a request for

8

appointment of counsel. On December 2, 2005, the District Court, erroneously believing that Davis's time to file had already expired, belatedly denied his request as untimely. As this Court notes, the District Court also gave an alternative rationale for denying the request—that is, it could only appoint counsel if Davis had filed a petition demonstrating entitlement to postconviction relief. In latching onto that procedural rationale, the Court is demanding a degree of sophistication beyond the ken of a pro se litigant.

¶22 Davis requested appointment of counsel so that counsel could prepare the appropriate postconviction pleadings for him. It would be counter-intuitive for Davis to realize, as this Court would require, that, even though his request for counsel was still pending, he had to take the initiative and file the very pleadings he wanted counsel to draft in the first instance. A reasonable person, lay or professional, would assume that if one's motion for counsel is deficient or without merit, the court would say so in a timely fashion so that one could then correct the deficiency or file pro se within the applicable time period. Here, the court, by not acting in a timely fashion, lulled Davis into thinking that his motion for counsel was still viable.

¶23 Notably, the reason the District Court did not rule on Davis's motion before November 2005 is that the court mistakenly thought the statute of limitations had already expired. Curiously, this Court forgives the District Court's error and then faults Davis for not having previously argued equitable tolling because "it is fundamentally unfair to fault a district court on an issue it was never given an opportunity to address." The question, however, is not whether the District Court has been treated fairly, but whether the system has been fair and equitable to the defendant. I suggest that it is fundamentally unfair to

9

fault a lay person for not filing pro se when that person has a pending request for counsel for the purpose of preparing the very papers that the Court now says should have been filed earlier. In effect, the court system is telling Davis, "Sorry for the delay in ruling on your motion for counsel; it is hereby denied. And by the way, it's now too late for you to proceed without counsel." Captain Yossarian is no doubt smiling.

/S/ W. WILLIAM LEAPHART

Justice Patricia Cotter and Justice James C. Nelson join in the dissenting opinion of Justice Leaphart.

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER