FILED

06/21/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0352

DA 15-0352

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 152

DALE MICHAEL HANSON,

           Petitioner and Appellant,

    v.

STATE OF MONTANA,

           Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and For the County of Flathead, Cause No. DV 12-916(B)
                      Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Larry Mansch, Montana Innocence Project, Missoula, Montana

                Jeffrey T. Renz, Clinical Professor of Law, Alexander Blewett III School
                of Law, University of Montana, Missoula, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
                Attorney General, Helena, Montana

                Ed Corrigan, Flathead County Attorney, David Randall, Deputy County
                Attorney, Kalispell, Montana

                            Submitted on Briefs:  March 23, 2016
                                    Decided:  June 21, 2016

Filed:

_____
                      Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1　Dale Michael Hanson appeals from an order entered by the Eleventh Judicial District Court, Flathead County, granting the State's motion to dismiss his petition for postconviction relief with prejudice as a sanction for his failure to appear at three noticed depositions.　We affirm.

¶2　A restatement of the dispositive issue on appeal is:

*Did the District Court abuse its discretion by dismissing Hanson's petition for postconviction relief?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3　This is a postconviction proceeding.　However, the facts underlying Hanson's convictions are also at issue.　Hanson and his neighbor, Emmy Gregg (Gregg) met and began dating in 1990.　Gregg and her son Aaron moved into Hanson's home when Aaron was four years old.　Gregg and Aaron moved out in 1992, but the couple continued dating until 1993.　Aaron testified that while he, Hanson, and his mother lived together, they would all three shower together, ostensibly to conserve hot water.　Aaron testified that sometimes only he and Hanson would shower together.　On those occasions, Aaron testified that Hanson would wash Aaron's genital area and that he was asked to wash Hanson's in return, which he did.　Also, Aaron testified that Hanson would tell Aaron to perform oral sex on him, which Aaron did on several occasions.

¶4　After the couple broke up, Gregg became concerned about her son's behavior. Aaron had nightmares about Hanson, expressed anger toward him, wet his bed, locked the door when he bathed, and hid when the phone rang or someone came to the door.

2

Gregg asked Aaron several times about any improper contact with Hanson, but Aaron denied it. Gregg contacted Detective Maxine Lamb (Lamb) of the Flathead County Sheriff's Department about her concerns. After speaking with Gregg, Lamb went to Aaron's school and interviewed him. Aaron described incidents involving Hanson that Lamb believed constituted sexual abuse.

¶5 The State charged Hanson with sexual assault and deviate sexual conduct. On March 9, 1995, a jury found Hanson guilty of sexual assault and deviate sexual conduct, both felonies, in violation of §§ 45-5-502(1) and 45-5-505(1), MCA. On April 7, 1995, Hanson filed a motion for a new trial. The District Court denied Hanson's motion on July 21, 1995. On July 24, 1995, the District Court sentenced Hanson to concurrent terms of twenty years in the Montana State Prison for the offense of sexual assault and ten years for the offense of deviate sexual conduct. Hanson appealed his convictions. This Court affirmed in *State v. Hanson*, 236 Mont. 316, 940 P.2d 1166 (1997).

¶6 Acting pro se, Hanson first petitioned the District Court for postconviction relief on June 30, 1998. The District Court denied his petition as insufficient in form. Hanson appealed the District Court's denial of his petition. This Court affirmed in *State v. Hanson*, 1999 MT 226, 296 Mont. 82, 988 P.2d 299. Hanson petitioned for habeas corpus in the United States District Court for the District of Montana, which was dismissed as procedurally defaulted. Hanson appealed the dismissal. The Ninth Circuit Court of Appeals affirmed in *Hanson v. Mahoney*, 338 P.3d 964 (9th Cir. 2003).

¶7 Represented by counsel, Hanson next petitioned for postconviction relief on August 13, 2012. He asked for a "hearing for the purpose of producing newly discovered

3

evidence in support of his claim for relief from [his] conviction." Hanson's newly discovered evidence was that, before his trial, several potential witnesses contacted Lamb and told her Gregg was lying. According to Hanson's petition, Lamb told these witnesses "to stay away from the courtroom and the case" and failed to tell Hanson's attorney about the witnesses. Although not newly discovered, Hanson's petition also mentioned that a contributor to Hanson's pre-sentence investigation report commented he was concerned Hanson did not commit the offenses and that it was possible the victim had been "coached to provide false allegations." Additionally, the petition claimed several voicemails left by Gregg should have been played for the jury because they indicated she was very angry with Hanson for ending their relationship and contained threats to "get even" with him. Hanson accused Lamb of improper conduct and of withholding information favorable to Hanson's defense. Five affidavits were filed in support of Hanson's petition.

¶8 The State's response to Hanson's petition raised the one year statute of limitations for filing a petition for postconviction relief alleging newly discovered evidence. The State's response argued that the information set forth by Hanson did not constitute newly discovered evidence and argued that, because Lamb was deceased and had been for several years, it could not specifically respond to the allegations against her.

¶9 The District Court authorized discovery and set a deadline of May 24, 2013, to complete discovery. The State served Hanson with a notice of deposition scheduled for May 17, 2013, to be taken at the Flathead County Attorney's office. On May 9, 2013, Hanson filed combined motions, in the alternative, requesting either a protective order, to

4

quash the notice of deposition, or for a telephonic deposition. As grounds, Hanson stated that an active warrant was issued for his arrest and complained that the State refused to stipulate to either deposing Hanson telephonically or agreeing not to arrest him if he appeared for his deposition. Hanson accused the State of setting Hanson's deposition for an improper purpose to "effect the arrest and confinement of Mr. Hanson." In response, the State asked that Hanson's combined motions be denied because the State wished to obtain information known only by Hanson, was unsure whether Hanson would testify if the case proceeded to trial, and planned to videotape the deposition. The State pointed out that Hanson's arrest warrant was activated in September of 2009 and denied acting improperly by stating "the State did not contrive a civil action to compel [Hanson's] appearance to effect his arrest." Hanson failed to appear for his deposition scheduled for May 17, 2013.

¶10 On May 31, 2013, the District Court denied Hanson's combined motions. It stated "by engaging the matter and entering into the sometimes shark-infested waters of the litigation process, [Hanson] positioned himself in a manner making him subject to certain appearance requirements, including but not limited to personal attendance at a scheduled deposition." On June 21, 2013, Hanson filed a motion for summary judgment. The State asked the District Court, twice, to expand the time it had to file a response to Hanson's motion for summary judgment so that it could first depose Hanson. The District Court ordered the State's response be filed "no later than fifteen days after [Hanson's] deposition occurs." The State served Hanson with a second notice of deposition scheduled for July 25, 2013. Hanson failed to appear.

¶11 On August 9, 2013, the State filed a motion to compel Hanson's deposition. On August 15, 2013, the District Court granted the State's motion and ordered Hanson to "personally attend a deposition scheduled by the State and properly noticed." The District Court's order cautioned, "FAILURE TO PERSONALLY ATTEND THE DEPOSITION MAY RESULT IN SANCTIONS AGAINST [HANSON], WHICH MAY INCLUDE AN AWARD OF COSTS OR FEES TO THE STATE, DISMISSAL WITH PREJUDICE OF THIS CAUSE OF ACTION, AND/OR OTHER RELIEF DEEMED JUSTIFIED BY THE COURT." The State served Hanson with a third notice of deposition scheduled for October 20, 2014. Hanson failed to appear.

¶12 On October 24, 2014, the State filed a motion to dismiss Hanson's petition with prejudice "due to his violation of the Rules of Civil Procedure governing discovery and his violation of this Court's Order compelling his deposition issued August 15, 2013." On April 3, 2015, the District Court granted the State's motion to dismiss Hanson's petition as a sanction for his failure to comply with the discovery process, namely by failing to appear at three noticed depositions. Hanson appeals.

## STANDARD OF REVIEW

¶13 "We review a district court's imposition of discovery sanctions for an abuse of discretion. We have consistently deferred to a district court's imposition of sanctions because 'the trial judge is in the best position to know . . . which parties callously disregard the rights of their opponents and other litigants seeking their day in court. The trial judge is also in the best position to determine which sanction is the most appropriate.'" *Xin Xu v. McLaughlin Inst. for Biomedical Sci., Inc.*, 2005 MT 209, ¶ 17,

328 Mont. 232, 119 P.3d 100 (quoting *Smart v. Molinario*, 2004 MT 21, ¶ 8, 319 Mont. 335, 83 P.3d 1284).

## DISCUSSION

¶14 *Did the District Court abuse its discretion by dismissing Hanson's petition for postconviction relief?*

¶15 The Montana Rules of Civil Procedure provide for a party's failure to make discovery and sanctions. "The court where the action is pending may, on motion, order sanctions if: a party . . . fails, after being served with proper notice, to appear for that person's deposition." M. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." M. R. Civ. P. 37(d)(3). The listed sanctions include "dismissing the action or proceeding in whole or in part." M. R. Civ. P. 37(b)(2)(A)(v).

¶16 "[S]ince 1981, it has been this Court's position that dilatory abuse of discovery must no longer be dealt with leniently and that transgressors of discovery abuses should be punished rather than encouraged repeatedly to cooperate." *Smith v. Butte-Silver Bow County*, 276 Mont. 329, 332, 916 P.2d 91, 92-93 (1996) (citing *Owen v. F. A. Buttrey Co.*, 192 Mont. 274, 277, 627 P.2d 1233, 1235 (1981) ("[J]udicial indulgence in abuses of the discovery process has been increasingly replaced by a tougher, less tolerant attitude toward parties who frustrate, rather than facilitate, discovery.")).

¶17 We use three criteria to review whether a sanction is an abuse of discretion. Rephrased, the criteria are: 1) whether the consequences imposed by the sanctions relate to the extent and nature of the actual discovery abuse; 2) whether the extent of the

7

prejudice the discovery abuse caused the opposing party was considerable; and 3) whether the court expressly warned the abusing party of the consequences. *Xu*, ¶ 26 (citing *Butte-Silver Bow*, 276 Mont. at 339-40, 916 P.2d at 97).

¶18 First, the consequences must relate to the extent of the abuse. Hanson's petition was dismissed with prejudice. This is a harsh, dispositive penalty. Hanson failed to appear at three separately scheduled and properly noticed depositions. He did not appear because he did not want to be arrested on an outstanding warrant issued in 2009 for failure to keep his sex offender registration current, a separate felony. Before the first deposition, Hanson filed combined motions to either avoid the personal appearance requirement or assure that he would not be arrested if he attended his deposition. The District Court denied his motions and reminded Hanson that he filed this lawsuit by petitioning for postconviction relief and subjected himself to certain appearance requirements, including personally appearing at a deposition. After Hanson failed to attend his second deposition, the District Court ordered his appearance. Allowing a litigant to ignore a court order to appear for a deposition because of an outstanding warrant cannot be tolerated. We conclude the severity of the sanction related to the extent and nature of the discovery abuse.

¶19 Second, the extent of the prejudice to the opposing party must be evaluated. The District Court's order dismissing Hanson's petition noted:

> Throughout this proceeding the [State] has maintained and the Court has agreed that it needed to depose [Hanson] to ascertain when he knew or found out about certain evidentiary matters upon which he bases his petition for post-conviction relief. [The State] in its response to [Hanson's] petition for post-conviction relief asserts that the petition is barred by the

8

running of the statute of limitations set forth in Section 46-21-102(2), MCA . . . .

Section 46-21-102(2), MCA, requires a petition for postconviction relief based on newly discovered evidence be filed within one year of the date on which the petitioner discovers, or reasonably should have discovered, its existence. Hanson's memorandum in support of his petition states that "Hanson discovered the fact of suppression of witnesses and the details of their testimony in late August 2011." The State argued that Hanson either discovered, or should have discovered this evidence earlier and therefore, hoped to establish facts supporting its position through deposing Hanson. Hanson's refusal to be deposed prevented the State from formulating a defense and this case from progressing past the discovery phase. The State expended considerable time, money, and effort in its attempt to depose Hanson by scheduling and serving notice on three separate occasions. Further, as a result of Hanson's failure to appear, the State filed motions to compel Hanson's deposition and to expand its briefing deadlines in order to respond to Hanson's motion for summary judgment. The State was considerably prejudiced by Hanson's failure to attend his depositions.

¶20 Third, in its order compelling his attendance, Hanson was expressly warned that his failure to attend the third deposition could result in the District Court dismissing his petition with prejudice.

## CONCLUSION

¶21 We conclude that each of the criteria outlined in *Butte-Silver Bow*, and relied on in *Xu*, were met in this case. The District Court did not abuse its discretion by dismissing Hanson's petition for postconviction relief.

¶22 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA