DA 17-0706

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 146N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DALE MICHAEL HANSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DC 16-393(C) and
DC 09-426(C)
Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Koan Mercer, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jeffrey M. Doud, Assistant
Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Andrew Clegg, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  January 15, 2020

Decided:  June 2, 2020

Filed:

                    _____
                              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dale Michael Hanson appeals two convictions entered in the Eleventh Judicial District Court, Flathead County. In 2009, Hanson was charged with Failure to Register as a Sex Offender. In 2016, Hanson was charged with Intimidation. Upon agreement of the parties, the District Court consolidated the two cases for trial. This is the consolidated appeal of those two convictions. We affirm.

¶3 Hanson was convicted in 1995 of one count of Sexual Assault and one count of Deviate Sexual Conduct for inappropriately touching his ex-girlfriend's son. Hanson appealed those convictions, which were later affirmed by this Court in *State v. Hanson*, 283 Mont. 316, 940 P.2d 1166 (1997). Hanson was released from custody in 2006 and was required to register as a sex offender.[1] In 2009, the State charged Hanson with Failure to

---

[1] Acting pro se, Hanson first petitioned for post-conviction relief in 1998. The District Court denied his petition as insufficient in form. Hanson appealed and this Court affirmed the denial in *State v. Hanson*, 1999 MT 226, 296 Mont. 82, 988 P.2d 299. Hanson next petitioned for habeas corpus in the United States District Court for the District of Montana. His petition was dismissed as procedurally defaulted. Hanson appealed the dismissal and the Ninth Circuit Court of Appeals affirmed in *Hanson v. Mahoney*, 338 F.3d 964 (9th Cir. 2003). Represented by counsel, Hanson filed a second petition for post-conviction relief in 2012. The District Court dismissed Hanson's petition when Hanson refused, on multiple occasions, to appear for his deposition. The denial of Hanson's second petition for post-conviction relief was affirmed by this Court in *Hanson v. State*, 2016 MT 152, 384 Mont. 17, 372 P.3d 1281.

Register, and a warrant was issued for his arrest. In 2016, Hanson was charged with Intimidation due to a threatening letter Hanson sent to the United States Marshals Service. Hanson was arraigned on both the Intimidation and Failure to Register charges in October 2016. Prior to trial, the State filed notices of its intent to seek Persistent Felony Offender (PFO) designation for Hanson in both cases. In the Failure to Register prosecution, the State's PFO notice relied upon Hanson's original convictions from 1995.[2] In the Intimidation prosecution, the PFO notice provided that the State intended to rely on the then-pending Failure to Register charge as the basis for Hanson's PFO designation.

¶4      The State's prosecution of the Intimidation offense arose out of a letter Hanson wrote to the Marshals Service in August 2016. Hanson threatened "that there are going to be a bunch of dead people if your agency does not intervene on my behalf!!" In the letter, Hanson also stated:

> I am tired of being fucked by these nazi bastards and will start killing people to get public attention. . . . The civil unrest and killing of law enforcement reflect the public's anger towards this axis of evil system we have. The public needs to know there are still a few of us patriots willing to make the ultimate sacrifice for the better good of the people. . . . There are going to be some dead people over this fucked up mess if they are not held accountable! That you can take to the bank.
>
> .    .    .
>
> I've been more than just a little patient after 22 years of being fucked by these nazi bastards and I'll put an end to it myself if necessary! I'll give you a few more weeks to see justice done, then I'll start the chaos and mayhem to see justice done myself vigilante style. I'll give the public something they can

---

[2] The 2015 PFO statute, in effect at the time of Hanson's commission of the Failure to Register crime, provides that an offender can be designated a PFO if less than five years have passed between the commission of the present offense and the offender's release from prison, on parole or otherwise, imposed as a result of a previous felony conviction. Section 46-18-501(2)(b), MCA (2015).

take to the polls when they vote. I'll give them something they'll never forget!

Hanson named specific individuals, some of them judges and public officials, that he claimed were responsible for his wrongful conviction. He sent the letter in a packet containing other materials, which included the following: (1) a video prepared by the Montana Innocence Project of statements made by Hanson's supporters and voice messages left by his ex-girlfriend, all regarding his sexual assault case; (2) a memorandum in support of summary judgment filed in his prior post-conviction proceeding; (3) a letter from his previous counsel regarding Hanson's sexual assault case; (4) a second letter from his previous counsel to United States Attorney Mike Cotter regarding Hanson's sexual assault conviction; and (5) a case register report from Hanson's post-conviction petition case.

¶5 Prior to trial, the State filed a motion in limine to preclude the admission of these extraneous materials, arguing the materials were not relevant and constituted inadmissible hearsay. Hanson argued that the rule of completeness required admission of the entire packet of materials. The District Court granted the State's motion and precluded admission of the extraneous materials. At trial, Hanson again argued the extraneous materials should be admitted, maintaining the materials helped to explain Hanson's state of mind when he wrote the letter. The District Court denied Hanson's renewed motion.

¶6 Hanson was found guilty by a jury of both the Failure to Register and Intimidation charges. After trial, Hanson objected to the State's use of the Failure to Register conviction as the predicate offense for the PFO designation in the Intimidation sentencing. The

District Court denied Hanson's motion and, on August 9, 2017, sentenced Hanson to PFO-enhanced 40-year terms for each conviction. The sentences were run concurrently. The District Court restricted Hanson's parole eligibility for 30 years on both convictions.

¶7 Hanson raises the following issues on appeal: (1) whether the District Court erred by excluding the materials that accompanied the letter; (2) whether the Legislature's 2017 ameliorative changes to the definition of PFO apply to Hanson's conviction for Failure to Register; and (3) whether the District Court relied upon an incorrect definition of "conviction" and erred in designating Hanson a PFO for the Intimidation conviction. The State concedes error with respect to Issue 3 and requests that Hanson's sentence for Intimidation be remanded with instructions to the District Court to reduce the sentence to 10 years—the maximum sentence that may be imposed for Intimidation. Section 45-5-203(3), MCA. Respecting Issue 2, our decision in *State v. Thomas*, 2019 MT 155, 396 Mont. 284, 445 P.3d 777, is dispositive. In *Thomas*, this Court held the date the criminal act was committed, and not the date the defendant was sentenced, determines which version of the PFO statute applies. Here, Hanson's offense of Failure to Register was committed in 2009, and he is not entitled to the ameliorative changes made in 2017 to the PFO statute. Hanson's PFO designation for his Failure to Register conviction remains unchanged. Accordingly, the only issue this Court must address is whether the District Court's evidentiary ruling denying admission of the materials accompanying Hanson's letter was an abuse of discretion.

¶8 This Court generally reviews evidentiary rulings for an abuse of discretion; however, to the extent that an evidentiary ruling was based on a misinterpretation of a rule of evidence, this Court's review is de novo. *State v. Derbyshire*, 2009 MT 27, ¶ 19, 349 Mont. 114, 201 P.3d 811. Hanson maintains the District Court's failure to admit the materials accompanying the letter violated the Montana Rules of Evidence and federal due process. He argues the other materials are relevant evidence because they tended to mitigate the State's claim that Hanson's letter created an objectively reasonable fear that "he would carry out a terrorist campaign of assassinations." Hanson also argues that the other materials were not hearsay because he sought their admission for a purpose other than to prove a matter asserted within the materials; that purpose being Hanson's state of mind. The State argues the extraneous materials were irrelevant to Hanson's intimidating threats contained in the letter and constituted hearsay.

¶9 After examining the elements of the crime of Intimidation, the District Court concluded:

> Defendant's claim that he was wrongfully convicted in 1995, and the evidence he asserts supports that argument, have no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, nor does [it] appear to bear on the credibility of witnesses or hearsay declarants.

The District Court then held, "Whether the 1995 convictions were wrongful has no bearing whatsoever on the obligation to register, nor is it a defense to the charge of intimidation. We agree.

¶10 The charge of Intimidation required the State to prove that Hanson, "with the purpose to cause another to perform or to omit the performance of any

6

act, . . . communicate[d] to another, under circumstances that reasonably tend to produce a fear that it will be carried out, a threat to perform without lawful authority any of the following acts:" (a) infliction of physical harm; (b) subjecting any person to physical confinement or restraint; or (c) commission of any felony. Section 45-5-203(1), MCA. Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Relevant evidence may include evidence bearing upon the credibility of a witness or hearsay declarant." M. R. Evid. 401.

¶11    Character statements from Hanson's friends and voice messages from his ex-girlfriend regarding the sexual assault Hanson committed in 1992 were not relevant to whether Hanson sent a letter in 2016 to the Marshals Service containing threats. Similarly, letters and a brief written by former defense counsel pertaining exclusively to the 1995 conviction, in which Hanson asserted he was wrongly convicted, have no relevance to whether Hanson, in 2016, threatened mass murder and physical harm to specific individuals. These materials demonstrate that Hanson believes he was wrongly convicted 21 years earlier. The issue in the current prosecution, however, was whether Hanson communicated a threat which constituted Intimidation. That Hanson believed he was wrongly convicted had no tendency to make the existence of any fact of consequence to his prosecution for Intimidation more probable or less probable than it would be without the evidence; nor was it a defense to the charge of Intimidation.

¶12    Hanson argues that admission of these other materials was relevant to show the victims' fear was unreasonable. However, "[t]he only intent required is that the accused

7

made the threat for 'the purpose to cause another to perform or to omit the performance of any act.'" *State v. McCarthy*, 2004 MT 312, ¶ 47, 324 Mont. 1, 101 P.3d 288. Here, it is undisputed that Hanson's letter constituted a communication which was a threat of physical harm or commission of a felony; in fact, the letter threatened a mass murder. The record established that Hanson's letter of intimidation was taken seriously and produced fear in those who received it. The extraneous materials did not tend to make Hanson's threatening letter a more or less probable consequence of Intimidation. The purpose of the extraneous materials was to show that Hanson believed he was wrongly convicted—a point not relevant to whether he intimidated others over two decades later.

¶13     As a final observation, the District Court allowed Hanson to elicit testimony regarding his belief that he was innocent of the underlying offense and of his good character. Accordingly, Hanson was allowed to present evidence for the same purpose he sought to introduce the extraneous materials.

¶14     The District Court did not abuse its discretion in ruling that the extraneous materials were not relevant to the charge of Intimidation. Hanson's conviction and sentence for Failure to Register is affirmed. Hanson's conviction for Intimidation is affirmed, but Hanson's PFO designation is vacated and this matter is remanded to the District Court with instructions to impose a 10-year sentence for Intimidation, to run concurrently with Hanson's sentence for Failure to Register.

¶15     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

8

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON