FILED

03/05/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0281

DA 23-0281

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 45N

SADDLEBROOK INVESTMENTS, LLC,
as Assignee of STUART M. SIMONSEN,

      Plaintiff and Appellee,

   v.

KROHNE FUND. L.P., SEAN WRIGHT,
and ANTHONY BIRBILIS,

      Defendants and Appellants.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 15-0391
Honorable Jessica T. Fehr, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Anthony Birbilis, Self-represented, New York, New York

      For Appellee:

      T. Thomas Singer, Amanda G. Hunter, Greyson D. Hill, Hall &
Evans, LLC, Billings, Montana

Submitted on Briefs:  January 17, 2024

Decided:  March 5, 2024

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Anthony Birbilis (Birbilis) appeals the default judgment entered against him on April 18, 2023, by the Thirteenth Judicial District Court, Yellowstone County. He also raises arguments in challenge to the District Court's rulings entered earlier in the litigation, contending the District Court did not possess personal jurisdiction over him because he lacked sufficient contacts in Montana, that Plaintiff Saddlebrook Investments, LLC (Saddlebrook) lacked standing to bring several claims against him, that Saddlebrook was judicially estopped from bringing such claims, and was otherwise time-barred from pursuing the claims. We affirm the District Court's entry of the default judgment.[1]

¶3 In 2007, Birbilis met Stuart Simonsen (Simonsen) and learned about the securities trading software Simonsen had developed, known as Xynaquant. Birbilis helped Simonsen procure a client who desired to trade using the software. To gain more clientele and further develop the business, Simonsen and Birbilis began working together to set up two trading

---

[1] This case arises out of the same litigation that is subject to another pending appeal, *Saddlebrook v. Krohne Fund*, 23-0246, which more broadly raises the merits of the substantive issues litigated in the case and the other parties. We briefly recount the facts for the purpose of addressing the dispositive issue here.

funds, Axiodyn and Axioquantam, which were designed to effectuate trades pursuant to the Xynaquant program. Eventually, Simonsen and Birbilis partnered with an accountant in a new venture, Kapidyia Capital Partners, LLC (Kapidyia), which would utilize Xynaquant for trading and offer account management services. Kapidyia had its principal place of business in Montana, where both Simonsen and the accountant resided.

¶4 Birbilis was introduced to Axel Krohne (Krohne), the manager of Defendant Krohne Fund, L.P. (Krohne Fund), through Krohne's friend, Sean Wright (Wright). Krohne used Xynaquant briefly and, satisfied with its results, signed a Managed Account Agreement that gave Kapidyia discretionary authority to make trades in Krohne Fund's account. Krohne Fund eventually increased its investment to a notional value of fifteen million dollars.

¶5 Throughout 2011, Birbilis allegedly initiated manual trades in the Krohne Fund account that affected the application of Xynaquant and led to a performance loss for the account. Krohne stopped trading with Xynaquant in November 2011 and initiated suit against Simonsen for fraud and other claims in the U.S. District Court for the District of Montana in January 2012. Simonsen filed cross and counterclaims. Simonsen also filed for Chapter Seven bankruptcy, and his claims against Krohne Fund, Birbilis, and others became part of the bankruptcy estate overseen by Trustee Darcy Crum. A trial was held on Krohne Fund's claims against Simonsen, for which Birbilis and Wright travelled to Montana to testify.

¶6 Trustee Crum pursued and settled an adversary action against Simonsen that resulted in Simonsen's claims against Birbilis being transferred to Grizzly Peak, L.P., which later assigned the claims to Saddlebrook. Saddlebrook initiated this litigation, and in March 2018 filed an amended complaint alleging six counts against Birbilis: misappropriation of trade secrets, abuse of process, breach of duties as a member of a LLC, tortious interference, fraud, and conspiracy. In April 2018, Birbilis filed a motion to dismiss, arguing Saddlebrook lacked standing and the District Court lacked personal jurisdiction, while raising affirmative defenses of waiver, statute of limitations, and judicial estoppel.[2]

¶7 The District Court rejected Birbilis's motion to dismiss in December 2019, ruling that Saddlebrook had standing to bring Simonsen's claims, had not waived its claims, was not time barred, and that the District Court had personal jurisdiction over Birbilis because he availed himself of Montana laws, including coming to Montana to testify at the Krohne-Simonsen trial. The District Court also ruled that judicial estoppel did not apply because, at the pleading stage of the proceeding, Birbilis had not established that Saddlebrook's amended complaint had been insufficiently pled or failed to state a claim.

¶8 Thereafter, Birbilis or his counsel failed to file an answer to Saddlebrook's amended complaint for over a year. On April 16, 2020, Saddlebrook submitted a Rule 10 Notice that warned of its intention to seek entry of default. Birbilis responded to the notice by

---

[2] A second motion filed by Birbilis requested that the District Court take judicial notice of the legal actions involving Simonsen, as well as other documents attached to his moving papers.

4

filing a Petition for Writ of Supervisory Control in this Court. We denied the Petition and Birbilis thereafter filed an answer in October 2020.

¶9 At a scheduling conference, the District Court set trial for October 14, 2021, and a deadline for the parties to arrange a meeting during the week of August 9, 2021, to exchange witness and exhibit lists. Saddlebrook's counsel was assigned responsibility for scheduling that meeting and, pursuant thereto, contacted Birbilis's counsel several times to propose a time for the meeting. After his August 2, 2021 email did not receive a response, Saddlebrook's counsel followed up on August 4 and provided Saddlebrook's listing of evidence by email, to which Birbilis's local counsel responded simply, "Thank you Tom." Saddlebrook's counsel again reached out to Birbilis's counsel on August 10, requesting a time they could meet pursuant to the scheduling order and reminding Birbilis of the option to stipulate to a different date if necessary. The August 10 email also received no response, so Saddlebrook's counsel sent another email request on August 12. Although counsel for Krohne Fund responded, Birbilis and his attorneys did not.

¶10 Consequently, Saddlebrook filed another Rule 10 Notice, as well as a motion in limine regarding trial issues, but Birbilis did not respond. Finally, on October 1, 2021, out-of-state counsel for Birbilis, Mr. Vogler, personally appeared before the District Court and explained that a change of address and internet issues had caused him to miss filings and other communications. By that point, Birbilis no longer had local counsel retained, and Vogler appeared without local counsel. The District Court warned Vogler that local

counsel would need to enter an appearance by November 1, 2021, or the Court would entertain a motion "to enter judgment by default against Birbilis."

¶11 When no local counsel appeared for Birbilis, Saddlebrook filed a motion for default judgment on November 19, 2021. Birbilis did not respond to this motion, and the District Court entered default judgment against Birbilis on December 13, 2021, and set a hearing for a determination of damages. Before the default judgment hearing was conducted, however, Krohne Fund submitted a motion to vacate the trial and for leave to file an amended answer and a late motion for summary judgment. Birbilis's default judgment hearing was therefore delayed while the District Court considered and ultimately ruled in Krohne Fund's favor on its motion for summary judgment, holding that Saddlebrook was judicially estopped from pursuing claims against Krohne Fund.

¶12 On November 1, 2022, the District Court rescheduled the Birbilis default judgment hearing for February 16, 2023. It also ordered Saddlebrook to provide Birbilis thirty-days' advance notice of the hearing. On January 20, 2023, Saddlebrook served Birbilis with a copy of the order by certified mail and email. This provided several days less notice than the thirty days required by the District Court, but Saddlebrook acknowledged this deficiency and offered to delay the hearing should Birbilis require the additional time. Birbilis did not respond at all to the notice and did not appear at the scheduled hearing on damages, which the District Court conducted in his absence. However, hours after the hearing, Birbilis emailed Saddlebrook's counsel, asking for an extension on the hearing date. Saddlebrook forwarded Birbilis' email to the District Court, which decided to

6

postpone the entry of an order for two months to allow additional time for Birbilis to respond. Despite this further opportunity, Birbilis did not respond or otherwise seek relief. On April 18, 2023, the District Court entered judgment against Birbilis, awarding Saddlebrook $35 million dollars in damages. Without initiating any further proceedings before the District Court, Birbilis has appealed.

¶13 "While we review a district court's granting of a motion to set aside a default judgment for a manifest abuse of discretion, we review a district court's denial of a motion to set aside a default judgment for only a slight abuse of discretion." *Carter v. Badrock Rural Fire Dist*., 2021 MT 280, ¶ 11 n.3, 406 Mont. 174, 512 P.3d 241. This standard reflects our general preference "that litigated cases are to be decided on the merits." *Whitefish Credit Union v. Sherman*, 2012 MT 267, ¶ 7, 367 Mont. 103, 289 P.3d 174. Nevertheless, "[w]e have consistently deferred to a district court's imposition of sanctions because 'the trial judge is in the best position to know . . . which parties callously disregard the rights of their opponents and other litigants seeking their day in court. The trial judge is also in the best position to determine which sanction is the most appropriate.'" *Hanson v. State*, 2016 MT 152, ¶ 13, 384 Mont. 17, 372 P.3d 1281 (quoting *Xin Xu v. McLaughlin Inst. for Biomedical Sci., Inc*., 2005 MT 209, ¶ 17, 328 Mont. 232, 119 P.3d 100).

¶14 The unique procedural posture of this case falls outside the usual statement of our standards of review, provided above, because Birbilis is directly appealing the entry of the default judgment against him without first having moved the District Court to set aside his default under Rule 55 or otherwise to set aside the default judgment under Rule 60. Thus,

our standard of review for appeals involving entry of default ("manifest abuse of discretion" for a granted motion to set aside and only a "slight abuse of discretion" necessary for reversal of a denial of the same) does not directly correlate to the issue here, as no such motion was made by Birbilis. However, we need not specify today what standard of review would be applicable here, as we conclude the District Court did not abuse its discretion under even the higher bar of the "slight abuse of discretion" standard employed for reviewing a denial of a motion to set aside.

¶15 Birbilis extensively argues that the District Court's ruling that Saddlebrook was judicially estopped from pursuing claims against Krohne Fund should similarly preclude Saddlebrook's judgment against him, reasoning that Krohne Fund's argument in its motion for summary judgment is "equally applicable" to the defense he raised in his motion to dismiss.

¶16 However, the problem apparently not understood by Birbilis is that the District Court never reached these summary judgment issues with regard to him, because it instead entered his default and, after conducting a hearing and granting further opportunity that Birbilis did not avail himself to, entered a judgment based upon his default. Thus, the threshold issue facing Birbilis is whether the District Court erred by entering the default judgment against him because of his litigation conduct. Only by demonstrating such error could the default judgment be set aside and the case proceed to consideration of the merits of Birbilis' defenses. Despite this necessity, Birbilis' briefing barely acknowledges the default, and focuses entirely on his case defenses, as if the District Court had ruled against

8

him on these issues. The court did not, and it is "fundamentally unfair to fault a district court on an issue it was never given an opportunity to address." *Davis v. State*, 2007 MT 207, ¶ 17, 339 Mont. 1, 167 P.3d 892.

¶17 Under Rule 16(f), a district court may impose various sanctions if a party or its attorney: "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." M. R. Civ. P. 16(f)(1)(A)-(C). Potential sanctioning includes entry of default judgment. *See* M. R. Civ. P. 37(b)(2)(A)(vi); *Watson v. West*, 2009 MT 342, ¶ 24, 353 Mont. 120, 218 P.3d 1227.

¶18 Here, Birbilis repeatedly delayed or failed to comply with nearly all the requirements of the litigation. He failed to file responsive pleadings in a timely manner, leading to Saddlebrook's notices of intent to seek default, failed to obey the District Court's pretrial scheduling orders multiple times, and failed to appear either himself or through an attorney for much of the litigation. This is despite the fact the District Court gave Birbilis numerous opportunities to appear and extra time to file documents and prepare for hearings. He was warned of the potential consequences of his actions several times. When at last the November 2021 deadline went ignored, the District Court entered Birbilis's default in December 2021, explaining that "[Birbilis's] conduct is clearly willful and has prejudiced the other parties . . . ."

¶19 Even after another year passed while the District Court processed Krohne Fund's motion for summary judgment and estoppel defense, Birbilis's behavior and willingness to communicate did not change. He was given notice of the damages hearing held on February 16, 2023, but failed to appear, instead sending an email to Saddlebrook requesting an extension *after* the hearing. In response, the District Court provided a final measure of patience and postponed the proceeding for two more months to give Birbilis time to formally request an extension or otherwise move to set aside the default. Neither happened.

¶20 Birbilis contends that "[u]ltimately, it is immaterial whether Birbilis was defaulted, as [Saddlebrook] lacked standing to bring the underlying action in the first instance, thus there never should have been an opportunity for Birbilis to be found in default." However, this puts the proverbial cart before the horse. Asserting that he has valid defenses to the lawsuit does not excuse Birbilis's flagrant violation of court orders and his failure to participate in the litigation; indeed, a legitimate belief in the validity of his defenses should have motivated Birbilis to properly address them. Had Birbilis engaged the litigation properly, he could now appeal any adverse summary judgment ruling by the District Court on the merits of his defenses. Because he failed to do so, there is no such ruling to appeal.

¶21 In our view, the District Court acted reasonably in entering the default judgment under these circumstances. As we have noted, "[t]he trial judge is [] in the best position to determine which sanction is the most appropriate." *Hanson*, ¶ 13. The District Court showed generous patience with Birbilis, but Birbilis did not avail himself to the

opportunities provided by the District Court, which cannot be countered by our general preference for a trial on the merits.

¶22    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court did not abuse its discretion.

¶23    Affirmed.

/S/ JIM RICE

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR